CHARLES H. HARRISON v. FRANCIS PEABODY, L. ENDICOTT PEABODY, AND FRANCIS CURTIS, OWNERS OF THE SHIP BENGAL.

ADMISSIONS OF A PARTY AS EVIDENCE AGAINST HIM.—While the admissions of a plaintiff, as to the just amount of his demand in suit, are not conclusive upon him, yet they are admissible in evidence, and when made under circumstances free of all suspicion of having been prompted by a desire to effect a compromise, or otherwise to avoid or become freed of a controversy concerning his demand, they may be justly regarded by Court and jury as of controlling weight, unless some satisfactory explanation is made by which such effect is counteracted.

NEW TRIAL GRANTED—WHEN THE EVIDENCE IS CONFLICTING.—Where, on appeal from an order of the Court below, granting a new trial, except upon condition of the acceptance, by the plaintiff, of a judgment for four hundred dollars, instead of eight hundred dollars, for which latter sum a jury had given a verdict, made upon the ground that the verdict was excessive in amount, and where, on appeal from said order, it appeared that the evidence was conflicting to the extent of the difference between said two sums as to the amount of recovery to which plaintiff was entitled, and where the evidence tending to establish the less sum to have been the just measure of recovery was at least entitled to as much consideration as the residue : *held*, that this was no abuse of discretion by the Court below, and the order should be affirmed.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action brought to recover for the use of certain pumps, belonging to plaintiff, in and about the defendants' ship Bengal.

The complaint alleged the value of said use to have been two hundred dollars per day, for eighteen days use. The answer denied all the allegations of the complaint, except the ownership of said ship by defendants, and the use of said pumps in and about said ship; but as special defense alleged

that the said use of said pumps was upon the hiring and bailment of one Watts, who alone was responsible to plaintiff therefor; but further averred that the said use of said pumps was reasonably worth the sum of twenty-five dollars per day only.

The trial was by the Court with a jury. The evidence touching the value of the use of the plaintiff's pumps was conflicting; the conflict extending between the sum of two hundred and fifty dollars and the amount claimed by plaintiff. It appeared, on plaintiff's testimony in his own behalf, that he had presented a bill for two hundred and fifty dollars and twenty-five cents for the use of said pumps, being the same for which this suit was brought, to DeWitt, Kittle & Co. The payment was refused by DeWitt, Kittle & Co., when, and before this suit was commenced, he brought suit against the ship Bengal to recover three hundred dollars for the same cause of action. No statement was made explanatory of the discrepancy between these sums demanded and the sum of three thousand six hundred dollars, which latter sum, according to the evidence given by plaintiff, was the real value of the use of said pumps. The jury returned a verdict for plaintiff for the sum of eight hundred dollars.

The defendants moved for a new trial, upon the ground, among others, that the verdict was not justified by the evidence and was excessive. The Court granted a new trial, except upon condition of the acceptance by plaintiff, within a time specified, of judgment for four hundred dollars, instead of eight hundred dollars, with costs. The plaintiff refused to accept said proffered judgment, and appealed to this Court from said order granting a new trial.

*H. & C. McAllister*, for Appellant.

There is no rule of law which restricts a party in an action of assumpsit to a recovery of the amount of a bill previously rendered by him, or of the amount claimed by him in a previous action. The doctrine of estoppel applies only to

an account stated, and to those cases where the law raises a presumption of payment. In this case, therefore, the bill presented and the complaint verified by the appellant were not conclusive upon him, but were simply facts to be considered by the jury in connection with the other testimony in the cause. (*Beebee* v. *Robert*, 12 Wend. 420 ; *Williams* v. *Glenny*, 16 N. Y., 2 Smith, 391, 392.)

It appeared at the trial, that the value of the use of appellant's pumps, according to the testimony of the appellant, and two other witnesses, who were disinterested, was at least three hundred dollars per day. The verdict of the jury was for eight hundred dollars. Under these circumstances, the order of the Court requiring the appellant to remit one half of the amount recovered, or submit to a new trial, involved an abuse of discretion which this Court will correct on appeal.

[No brief on file for Respondents.]

By the Court, SANDERSON, J. :

While the plaintiff may not have been concluded as to the value of the use of his pump by his suit against the Bengal, or by the account presented by him to DeWitt, Kittle & Co., both were admissions as to the true value. At the time the account was presented he had no reason to suppose, so far as the case shows, that it would not be paid on presentation, which circumstance excludes the idea that the claim was put at a low figure for the purpose of a compromise. Even after a refusal to pay on the part of DeWitt, Kittle & Co., and after he found it would be necessary to sue in order to get his money, he estimated the value of the use of the pump at three hundred dollars only, while the jury put it at eight hundred dollars. Such admissions, though not conclusive as matter of law, are generally followed by juries, unless some satisfactory explanation is made by which their reasonable effect is counteracted. No such explana-

tion is afforded by the facts of this case, and it is a little difficult to perceive why, in view of all the circumstances, the jury gave a verdict nearly three times as large as the sum first claimed by the plaintiff, and at a time when he would be more likely to fix upon the true value than at a later date, and more than twice as much as he claimed when he brought his first action, and at a time when, according to all human experience, he would be likely to put his claim at the highest figure which would be within the bounds of reason. We do not think the Court abused its discretion in reducing the verdict to four hundred dollars, or requiring the plaintiff to take another jury unless satisfied with that sum.

Order affirmed.