[No. 3,847.]

## CECELIA DREYFOUS *v.* JAMES ADAMS.

EFFECT OF STIPULATION BY ATTORNEYS.—If counsel stipulate in open Court, that the jury may assess damages in currency if they find for the plaintiff, they are estopped from raising an objection to the verdict on that ground.

NEW TRIAL.—The defendant who applies for a new trial after a verdict assessing damages against him, cannot complain that the Court required the plaintiff to remit a portion of the damages as a condition on which a new trial would be denied.

ACTION to recover a piano and damages for its detention, or the value thereof if a return could not be had. The piano was alleged by the complaint to be worth five hundred and fifty-five dollars, and the damages were laid at one thousand dollars. The attorneys stipulated in open Court that the jury, if they found for the plaintiff, might assess the damages in currency. The jury found for the plaintiff, and assessed the damages at six hundred dollars in currency, as follows: Value of piano four hundred and fifty dollars; damages for use of the same, sixty dollars and seventy-five cents; exemplary damages, eighty-nine dollars and twenty-five cents.

Opinion of the Court—Crockett, J.

The defendant moved for a new trial, and the Court decided to grant a new trial, unless the plaintiff would consent to deduct from the verdict the eighty-nine dollars and twenty-five cents exemplary damages, and all of the sixty dollars and seventy-five cents except sixteen dollars and seventy-five cents, the interest on the value of the piano. The plaintiff consented, and the new trial was denied. The defendant appealed.

*P. B. Ladd,* for the Appellant, argued that the highest value of the piano proven, was four hundred dollars in gold coin, and that the stipulation did not authorize the jury to add to their verdict the difference in a commercial point of view between the value of gold and currency, and that the Court had no authority to disregard the verdict and render a judgment of its own.

*T. F. Bachelder,* for the Respondent, argued that the jury had a right, under the stipulation, to add to the gold coin value of the piano proven, the difference in value between gold and currency, and that the defendant was not injured by the verdict being reduced in amount by the Court.

By the Court, CROCKETT, J.:

The stipulation of counsel in open Court authorized the jury to asses the damages in currency if they found for the plaintiff, and the defendant is estopped from raising an objection to the verdict on that ground. Nor can he complain of the action of the Court, in requiring the plaintiff to remit a portion of the damages, as a condition on which the defendant's motion for a new trial would be denied. The Court certainly inflicted no injury upon the defendant in requiring the plaintiff to remit a part of the damages. The appeal is frivolous.

Judgment affirmed, with fifteen per cent. damages. Remittitur forthwith.