[No. 5525.]

J. P. SWEENY ET AL. *v.* GEORGE F. MAYNARD, AUDITOR OF THE CITY AND COUNTY OF SAN FRAN-CISCO.

ALLOWANCE OF CLAIMS AGAINST THE CITY AND COUNTY OF SAN FRANCISCO. The Board of Supervisors of the City and County of San Francisco may, at one vote, allow several claims against the City and County without the passage of an ordinance, even if the aggregate of the demands exceeds five hundred dollars, provided each demand is for a less sum than five hundred dollars.

WRIT OF MANDATE.—If the Court directs a writ of mandate to issue requiring the defendant, as an Auditor, to issue a warrant for the Treasurer to pay a sum of money to the petitioner, the Clerk cannot render a personal judgment against the Auditor.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

In the summer of 1875, the plaintiffs, at the request of the Board of Supervisors, furnished the City and County of San Francisco grass seed of the value of four hundred and ninety dollars and fifty-five cents. The claim was presented to the Board of Supervisors for allowance, and was, along with many other claims, each less than five hundred dollars in amount, referred to the Finance and Auditing Committee. The committee reported in favor of allowing all the demands, and on the report the demands were allowed and ordered paid by a unanimous vote. The aggregate of all the claims was several thousand dollars, and they were all allowed at one vote. The defendant, the Auditor, claimed that each demand should have been voted on separately, and that an ordinance should have been passed, and refused to issue the warrant. This was an application for a writ of mandate requiring him to issue the warrant. The defendant appealed. The other facts are stated in the opinion.

*W. C. Burnett,* for the Appellant, cited sec. 68 of the charter of San Francisco (Statutes 1856, p. 163.) The section provides that " every ordinance or resolution, etc., providing for   *   *   * the expenditure of public moneys (except for sums less than five hundred dollars)   *   *   * shall, after its introduction in the Board, be published with the ayes and nays in some city daily newspaper at least five successive weeks before final action by the Board upon the same." Next, it must be presented to the President of the Board for his approval and signature. If he do not approve and sign, he shall return it in ten days to the Board, with his objections in writing.

The Board shall then enter the objections in the journals, and publish them in some city newspaper.

After this, by a vote of two-thirds of all the members in favor of the rejected ordinance, etc., the same becomes valid, notwithstanding the objections of the President.

*M. G. Cobb,* for the Respondent.

By the COURT:

The Court below stated in its conclusions of law "that the said plaintiffs are entitled to have their said claim allowed by said defendant for the said sum," etc. The proceeding is *mandamus*, and we think the conclusion reached by the Court correct in point of law. But the Clerk, it seems, instead of entering the appropriate judgment, entered a *personal judgment* against the appellant for the sum found due the plaintiff. The judgment is, therefore, reversed and the case remanded, with directions to enter the appropriate judgment awarding the writ. Remittitur forthwith.