[In Bank. — February 23, 1883.]

HERMAN ENKLE, PETITIONER, *v.* WILLIAM M. EDGAR, AUDITOR OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

OFFICER — SALARY — ALLOWANCE BY THE BOARD OF SUPERVISORS — DUTY OF THE AUDITOR. — An "extra clerk" appointed by the tax collector of the city and county of San Francisco, under an authorization of the board of supervisors, at a salary of one hundred dollars per month, is an officer of the city and county with a fixed salary, and when a demand for the salary has been presented to and allowed by the board, and there is money in the treasury applicable to the payment thereof, it is the duty of the auditor, on the presentation of the demand to him, to audit the same in the manner provided by law.

APPLICATION for a mandamus.   The facts are stated in the opinion of the court.

*J. P. Langhorne,* and *T. B. Bishop,* for Petitioner.

*William Craig,* for Respondent.

SHARPSTEIN, J. — The petitioner alleges, and the respondent does not deny that under and by virtue of an authorization of the board of supervisors said petitioner was duly appointed for the month of January, 1883, an "extra clerk" by the tax collector, at a salary of one hundred dollars per month. That within the time prescribed by law said petitioner presented his salary demand to said board of supervisors, and that the same was duly approved and allowed by said board. That thereafter said petitioner presented said demand to the respondent, who is the auditor of said city and county, and requested him to audit the same in the manner provided by law. And that said respondent, as such auditor, refused, and still refuses, to audit said demand.

The grounds upon which the respondent bases his refusal to audit said demand are in effect that he has made a computation of the amount of revenue which the city and county will derive this year from all available sources, and ascertained that the same will not be sufficient to pay the salaries of the salaried officers of said city and county for said entire year.

If, however, the petitioner is an officer of said city and county whose salary is fixed, and stands on the same footing in that respect as other officers of said city and county with fixed salaries, the question whether, in the event of it appearing that the amount of revenue which the city and county will realize within the year will not exceed or equal the total amount of fixed salaries of its officers for the entire year, it is the duty of the auditor to refuse to audit any other claims than those of officers with fixed salaries does not arise in this case.

By an act of the legislature approved March 30, 1872 (Stats. 1871–72, p. 735), the board of supervisors of said city and county is authorized and empowered to authorize the employment of such extra clerks as may be required by the tax col-

lector in his office from time to time, at a salary not to exceed one hundred and fifty dollars per month each.

It was by virtue of the authority conferred by that act upon the board and tax collector that the petitioner was appointed, and his salary fixed at one hundred dollars per month.

The fixed salaries or compensation of the officers of said city and county are payable out of the general fund in the treasury (Consolidation Act, § 95, subd. 3), and must "be paid out of any moneys in the treasury in preference to any and all other demands whatsoever (payable out of that fund); and in case of any deficiency of funds for the payment of any of the said demands when presented, then all such demands, being presented and registered by the treasurer as in this act required, shall be paid out of any moneys afterward coming into the said treasury, applicable thereto, in the order in which the same are registered." (Consolidation Act, § 96.)

The question whether it would be the duty of the auditor to audit the demand of the petitioner, if there was no money in the general fund out of which it could be paid, does not arise in this case, because the answer admits that there is now in the treasury the sum of one hundred and ninety-three thousand dollars to the credit of said fund.

The only question presented to us by the petition and answer is whether the petitioner is shown to have been, during the month of January, an officer of said city and county with a fixed salary. Upon that question we entertain no doubt. The law which authorized his appointment has been complied with, and that law required that his salary should be fixed at a sum not exceeding one hundred and fifty dollars per month. It was fixed at the sum of one hundred dollars per month.

Ordered that a writ of mandate issue according to the prayer of the petition.

MORRISON, C. J., ROSS, J., McKINSTRY, J., THORNTON, J., and McKEE, J., concurred.