[No. 15561.   Department Two.—October 2, 1894.]

JOHN HUNT, EXECUTOR, ETC., OF GEORGE F. SHARP, DECEASED, RESPONDENT, *v.* WILLIAM BRODERICK, AUDITOR OF THE CITY AND COUNTY OF SAN FRANCISCO, APPELLANT.

BOARD OF SUPERVISORS—SAN FRANCISCO—AUDITOR—REFUSAL TO AUDIT VALID CLAIM—MANDAMUS—CONSOLIDATION ACT.—Where the board of supervisors of the city and county of San Francisco have not exceeded their powers in allowing a demand, which is a valid and legal claim against the city and county, it is the duty of the auditor to audit it, and upon his refusal *mandamus* will lie to compel him to do so, although the claimant has not taken an appeal to the board, as provided in section 92 of the Consolidation Act.

ID.—APPEAL TO BOARD.—Section 92 of the Consolidation Act does not apply to a case where the demand has once been passed upon by the board, and which must, in the first instance, be presented to and determined by the board itself.

ID.—SPECIAL COUNSEL—ONE-TWELFTH ACT.—Under the act of May 17, 1861, giving the board of supervisors of the city and county of San Francisco power to allow, out of the general fund, not exceeding five thousand dollars in any one fiscal year for the employment of special counsel, the board may allow a demand for the services of special counsel in the sum of two thousand dollars, and there is nothing in the act of February 25, 1878, commonly known as the One-Twelfth Act, to prevent such allowance.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*H. T. Creswell,* for Appellant.

*E. G. Knapp,* for Respondent.

McFarland, J.—This is an appeal by defendant from a judgment of the superior court in a *mandamus* proceeding, by which the defendant as auditor was required to audit, allow, etc., a certain claim and demand of plaintiff against the city and county of San Francisco which had been duly passed and allowed by the board of supervisors of said city and county. The appeal is upon the judgment-roll and a bill of exceptions. We see no good reason for disturbing the judgment of the court below.

There is no doubt from the evidence that the demand of respondent's intestate, Sharp, was a just one. The defenses and the points made here for reversal are in their nature technical—that is, they are based upon alleged irregularities committed by said Sharp, deceased, in presenting his demand and in prosecuting the appeal, and upon certain statutory provisions claimed to be obstructions which shut out his right of recovery.

1. Appellant objects to the form of demand, because it does not so specify the items thereof as to sufficiently comply with section 84 of the Consolidation Act. The demand was for legal services rendered by Sharp as an attorney in a protracted litigation, which resulted in the recovery by the city of valuable real property, viz: City slip, lot number 43. In his original petition to the board, Sharp, in reciting the history of his services, mentioned certain disbursements which in the course of the litigation he had paid out of his own pocket; and if these are to be considered part of the demand finally allowed by the board they were, perhaps, not sufficiently itemized. But we think the court was justified by the evidence in finding "that the said demand was and is for counsel fees alone, and was so treated and regarded, and as such allowed and approved by both the judiciary

committee and the finance committee of the said board of supervisors, and as such was ordered paid by said board of supervisors, and as such allowed and approved by the mayor of said city and county, the *ex officio* president of said board, as such demand for counsel fees." And there was certainly a sufficient specification of the counsel fees.

2. Where the board of supervisors have not exceeded their powers in allowing a demand, and the latter is a valid and legal claim against the county, it is the duty of the auditor to audit it, and *mandamus* will lie to compel him to do so. (*San Francisco Gas Co.* v. *Dunn*, 62 Cal. 589; *Wood* v. *Strother*, 76 Cal. 545; 9 Am. St. Rep. 249, and cases there cited; *Sweeny* v. *Maynard*, 52 Cal. 468; *Stockton etc. R. R. Co.* v. *Stockton*, 51 Cal. 328; *Babcock* v. *Goodrich*, 47 Cal. 488; *Enkle* v. *Edgar*, 63 Cal. 188.)

3. Appellant contends that respondent should have appealed from the refusal of the appellant to audit his claim to the board of supervisors, under section 92 of the consolidation act, and that his failure to do so bars his right to a writ of mandate; and this point is the one most discussed in the briefs of counsel. The point seems to have been necessarily decided by this court in several cases adversely to the contention of appellant; but it has not been expressly mentioned in any *opinion* of the court to which our attention has been called. In *Weed* v. *Maynard*, 52 Cal. 560, *Enkle* v. *Edgar*, 63 Cal. 188, *San Francisco Gas Light Co.* v. *Dunn*, 62 Cal. 580, *Welch* v. *Strother*, 74 Cal. 413, and other cases, writs of mandate to the auditor have been sustained, or granted here originally, where no appeal had been taken to the board of supervisors, although the matter was not alluded to in the opinions; and we have not examined the transcripts and briefs in those cases to see if the point was raised. But, apart from authority, we are satisfied that where a valid legal demand has been regularly considered, passed, and allowed by the board, and

the auditor has refused to audit it, he may be compelled so to do by *mandamus*, although the claimant has taken no appeal to the board. In the first place, if the appeal mentioned in section 92 was intended to apply to a case where the board had already passed upon and allowed the demand, the appeal would not afford a plain, speedy, and adequate remedy. In fact it would afford no remedy at all. The board would have no more power to enforce its order after a second approval than before. "To supersede the remedy by *mandamus* a party must not only have a specific adequate remedy, but one competent to afford relief upon the very subject matter of his application." (*Babcock* v. *Goodrich*, 47 Cal. 508.) The board could not compel the specific act to be done by which alone respondent can obtain his rights. But, furthermore, we do not think that said section 92 was intended to apply, or does apply, to a case where the demand has once been passed upon by the board, and which must, in the first instance, be presented to and determined by the board itself. There is no necessity of such a construction of the section as will present the anomaly of an appeal to a tribunal of the very thing which it has already deliberately and finally determined.

There are many instances where various officers of the city and county have power, in the first instance, and without any previous action of the board of supervisors, to allow or reject demands. The auditor, for instance, is given power to allow or reject many and various kinds of demands which need not be first presented to the board. (See secs. 82–85.) And it is, with respect to these latter demands, that said section 92 provides that "if any person feels aggrieved by the decision of the auditor, or any other proper officer or officers of said city and county, except the board of education, in the rejection of, or refusal to approve or allow any demand upon the treasury presented by such person, he *may* appeal, and have the same passed upon by the board of supervisors, whose decision thereon

shall be final." Clearly, this refers to a demand "presented" in the first instance *to* "the auditor or other proper officer," and which has not already been "passed upon by the board of supervisors." This construction makes the system harmonious, and gives to every claimant the right, at some time, to have his demand considered by the board of supervisors, who are the final, and, as was said in *Babcock* v. *Goodrich*, 47 Cal. 488, "the real auditing power." *Falk* v. *Strother*, 84 Cal. 544, cited by appellant, is not in point; moreover, in that case the demand in question was first approved by the board of election commissioners, and, after rejection by the auditor, went to the board of supervisors for the first time on appeal.

4. The point is also made, though not very strenuously insisted on, that respondent's demand was invalid under the act commonly known as the One-Twelfth Act. (Stat. of Feb. 25, 1878.) We confess that we hardly see how that act can under any view be successfully applied to a case like the one at bar. By the act of May 17, 1861, the board is given the power to allow, out of the general fund, not exceeding five thousand dollars in any one fiscal year for the employment of special counsel; and it seems to be argued that because two thousand dollars, the amount of the demand in the case at bar, is more than one-twelfth of five thousand dollars, therefore it could not be properly allowed. How then could counsel ever be employed where the services would be worth more than one-twelfth of five thousand dollars? If the board be held as restricted to five thousand dollars a year in the aggregate for counsel fees it could not expend more than that amount in any fiscal year; but no such question arises here. The One-Twelfth Act provides that if at the beginning of a month any money remains which might have been expended in past months, it may be carried forward and expended in any succeeding months; and we may assume that the court properly found that the two thousand dollars was

not more than the one-twelfth of the fund under such act. The evidence presented in the bill of exceptions may be assumed to be only that necessary to illustrate the exceptions taken, which did not include the point as to said One-Twelfth Act.

There is no other point necessary to be noticed.

The judgment is affirmed.

Fitzgerald, J., and De Haven, J., concurred.