104   497
s108  138
104   497
109   159
104   497
144   524
e144  525
f144  527

[No. 15892.  In Bank.—November 5, 1894.]

## C. H. GAROUTTE, PETITIONER, *v.* M. C. HALEY, COUNTY CLERK, ETC., RESPONDENT.

ORDER GRANTING NEW TRIAL—EFFECT OF AMENDMENT.—An order which purports upon its face to be amendatory of a former order granting a new trial, and to be made for the purpose of correcting the former order, in effect supersedes the original order, and renders it the only order of the court upon a motion for a new trial; and it must receive the same consideration as if the original order had been entered in the terms of the amended order.

ID.—JURISDICTION TO AMEND RECORD—PRESUMPTION—COLLATERAL ATTACK.—It is the right of a court of general jurisdiction to amend or correct its records, so that they will speak the truth; and any correction or amendment is conclusively presumed to have been properly made when such record is collaterally drawn in question, or is used as evidence, or relied upon in support of any other proceeding.

ID.—CONDITIONAL ORDER GRANTING NEW TRIAL—Where an order is made granting a new trial to the defendant upon payment of the plaintiff's

CIV. CAL.—32

costs, provided the plaintiff should first file a waiver of his right to appeal from the order, if the plaintiff should not file such waiver the defendants need not pay the costs, and the order for a new trial would then become absolute; but if the plaintiff should file the waiver, and the defendants should not pay the costs within the time limited, the condition upon which the new trial is ordered would remain unperformed, and the order would become inoperative, and the motion for a new trial must then be regarded as having been denied.

ID.—POWER OF COURT TO IMPOSE CONDITIONS—PAYMENT OF COSTS.—The court has power to make its order granting or refusing a new trial dependent upon the performance of a condition by the party in whose favor the order is made, and in its discretion may make payment of costs the condition upon which to grant a new trial.

ID.—REVIEW OF DISCRETION—APPEAL—COLLATERAL PROCEEDING.—Whether the condition is a proper one, or whether the court failed to exercise proper discretion in making the condition, can be reviewed only upon a separate appeal from the order itself, and cannot be considered in a collateral proceeding.

ID.—EXECUTION UPON JUDGMENT—MANDAMUS.—Where the condition imposed in an order granting a new trial is not complied with the motion for a new trial must be regarded as having been denied, and, if no undertaking to stay execution has been filed, it is the duty of the county clerk to issue execution when requested by the plaintiff, and, in case of refusal, he will be compelled to issue it by writ of mandate.

APPLICATION in the Supreme Court for writ of mandate against the county clerk of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Dunne & McPike,* and *Robert Y. Hayne,* for Petitioner.

A conditional order on motion for a new trial is a valid exercise of judicial power. (*Davis* v. *Southern Pacific Co.,* 98 Cal. 17.) The imposition of costs is a proper condition. (*Rice* v. *Gashirie,* 13 Cal. 53.) The second order superseded the first, and if there was any ground upon which the second order could have been made it must be presumed that such ground existed. (*Paige* v. *Roeding,* 96 Cal. 391; *Colton etc. Co.* v. *Schwartz,* 99 Cal. 282, 283.) There were plain grounds upon which the second order could have been made. (*Crim* v. *Kessing,* 89 Cal. 486; 23 Am. St. Rep. 491; *Egan* v. *Egan,* 90 Cal. 21.)

*W. S. Goodfellow*, and *Edward R. Taylor*, for Respondent.

The following cases were cited generally by respondent: *Coomb* v. *Hibberd*, 43 Cal. 452; *Odd Fellows' Sav. Bank* v. *Deuprey*, 66 Cal. 168; *Dorland* v. *Cunningham*, 66 Cal. 484; *Lang* v. *Superior Court*, 71 Cal. 491; *Fenn* v. *Gulf etc. Ry. Co.*, 76 Tex. 380.

HARRISON, J.—Application for a writ of mandate.

In an action brought by the petitioner against Stephen Williamson *et al.* in the superior court for the city and county of San Francisco judgment was entered January 31, 1894, in favor of the petitioner for the sum of three thousand eight hundred and ninety-one dollars, and twenty-one cents, and three hundred and sixty-six dollars costs of suit. A motion for a new trial was made by the defendants, and, after argument thereon, an order was entered in the minutes of the court July 31, 1894, granting said motion. August 13, 1894, the court made and caused to be entered in its minutes the following order:

"The plaintiff's motion to amend the order granting a new trial having been continued until Monday, the 13th of August, 1894, and having come on regularly to be heard on that day, R. Y. Hayne, Esq., appearing for the plaintiff, and no one appearing for the defendants, and it appearing to the court that the order granting a new trial heretofore entered in said cause does not correctly set forth the grounds upon which the court acted in making said order, now, therefore, it is ordered upon plaintiff's said motion that said order granting a new trial be, and the same is, hereby amended so as to read as follows:

"[Title of Court and Cause.]

"In this action the motion for a new trial on file herein having been heretofore submitted to the court for consideration and decision, and taken under advisement, and now the court having fully considered the same, and being fully advised therein, it is ordered by

the court that said motion be, and the same is, hereby granted upon the grounds . . . . [stating them]; and it is further ordered, as a condition of the order granting a new trial, that the defendants herein pay to plaintiff herein, within twenty-five days from July 31, 1894, the plaintiff's costs of suit, amounting to the sum of two hundred and twenty-six ($226) dollars; *provided,* the plaintiff file within twenty days from said July 31, 1894, a written consent not to prosecute any appeal from the said order granting a new trial, but to either take a new trial of said action or to dismiss the same."

Within the time designated therefor in this order the plaintiff filed a waiver of his appeal and right to appeal from said order, but the defendants did not pay the sum of two hundred and twenty-six dollars named in the order. September 17, 1894, the petitioner applied to the respondent, as clerk of said court, to issue an execution upon the judgment, and upon his refusal the present application was made for a writ of mandate requiring him to issue such execution.

Upon the application and return herein we can consider only the order of August 13th. That order purports upon its face to be amendatory of the order of July 31st, and to be made for the purpose of correcting the former order. Its effect, therefore, was to supersede the original order, and to render it the only order of the court upon the motion for a new trial. It must, therefore, receive the same consideration as if the original order had been entered in the terms in which it is now found. The right of a court of general jurisdiction to amend or correct its records so that they shall speak the truth is too well recognized to need any argument (*Crim* v. *Kessing,* 89 Cal. 486; 23 Am. St. Rep. 491); and any correction or amendment of its records is conclusively presumed to have been properly made, when such record is collaterally drawn in question, or is used as evidence, or relied upon in support of any other proceeding. (*Paige* v. *Roeding,* 96 Cal. 391; *Cockrill* v. *Clyma,* 98 Cal. 123.)

The order of August 13th is not framed in as simple and direct language as it might have been, but we are of the opinion that upon a consideration of all its terms the proper construction to be given to it is that the court required of the defendants, as a condition upon which their motion should be granted, the payment of the plaintiff's costs, *provided* the plaintiff should, at least five days before the expiration of the time within which such payment was to be made, waive his right to appeal from such order; that if the plaintiff should not file such waiver the defendants need not pay the costs, and the order for a new trial would then become absolute. If the plaintiff should file the waiver, and the defendants should not pay the costs within the time limited, the condition upon which the new trial was ordered would remain unperformed, and consequently the order would become inoperative. The order does not state in express terms that in such case the new trial would be denied, but we think that is a necessary inference to be drawn from all its provisions; otherwise the motion for a new trial must be regarded as still pending, since a new trial was granted only upon a compliance with the condition. This appears to be the construction given to the order by the defendants themselves, for on the 19th of September they appealed therefrom, stating in their notice that they appeal from said order "in so far as the same denies the motion of the defendants for a new trial in said action, and also in so far as the same grants such motion of defendants upon conditions as therein expressed."

The authority of the court to make its order granting or refusing a new trial dependent upon the performance of a condition by the party in whose favor the order is made must be regarded as a settled rule of procedure in this state (*Davis* v. *Southern Pacific Co.*, 98 Cal. 13); and it is within the discretion of the court to make the payment by the defendant of costs to the plaintiff the condition upon which it will grant a new trial. (*Rice* v. *Gashirie*, 13 Cal. 53; *Cordor* v. *Morse*, 57 Cal. 301.)

Whether in the present case the condition was a proper one, or whether the court failed to exercise a proper discretion in making the condition, is not open to consideration here, but can be reviewed only upon a direct appeal from the order itself.

As the motion for a new trial must be regarded as having been denied, and no undertaking to stay execution upon the judgment has been filed, it was the duty of the respondent to issue the execution when requested by the plaintiff.

The application for the writ is granted.

DE HAVEN, J., McFARLAND, J., and VAN FLEET, J., concurred.