[No. 15871.   Department Two.—November 26, 1895.]

EUGENIA BEATRICE BROOKS, A MINOR, BY MINNIE BROOKS, HER GUARDIAN AD LITEM, APPELLANT AND RESPONDENT, v. SAN FRANCISCO AND NORTH PACIFIC RAILWAY COMPANY, RESPONDENT AND APPELLANT.

APPEAL—JUDGMENT—REVIEW OF EVIDENCE.—Under section 939 of the Code of Civil Procedure the sufficiency of the evidence to support the judgment cannot be considered on an appeal therefrom, unless the appeal is taken within sixty days after the rendition thereof.

ID.—NEW TRIAL—CONDITIONAL ORDER GRANTING.—An order granting a new trial on account of the insufficiency of the evidence to justify the verdict is within the discretion of the trial court, and that court may make its order conditional upon the payment to the opposite party of a sum of money for counsel fees and expenses. Such an order will not be disturbed on appeal unless it manifestly appears that there has been an abuse of discretion.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco and from an order granting a new trial. A. A. SANDERSON, Judge.

The facts are stated in the opinion.

*Clement, Cannon, Kline & Stradley*, for Plaintiff.

*Sidney V. Smith*, for Defendant.

SEARLS, C.—This was an action to recover damages sustained by the infant plaintiff for personal injuries received while a passenger upon the railway train of the corporation defendant.

The cause was tried before a jury and a verdict ren-
dered in favor of plaintiff for five thousand dollars.
Judgment was entered thereon February 26, 1894.

Defendant in due time moved for a new trial, which
was granted "upon the payment by defendant to plain-
tiff of the sum of three hundred dollars for counsel fees
and expenses necessarily incurred in said motion."
This order was made June 25, 1894.

On July 23, 1894, defendant gave notice of an appeal
to this court from the order of the court below granting
the new trial upon the condition specified in the order,
and, on the same day, gave notice of an appeal from the
final judgment entered in the cause February 26, 1894.

On June 25, 1894, plaintiff gave notice of an appeal
to this court from the order of the court below granting
the new trial.   These appeals were all duly perfected,
and are all based upon a single transcript.

The foregoing dates as to the entry of judgment and
appeal therefrom are given for the purpose of showing
that defendant's appeal from the final judgment was not
taken within sixty days after the rendition thereof, and
hence, that under section 939 of the Code of Civil Pro-
cedure the sufficiency of the evidence to support such
judgment cannot be reviewed on such separate appeal,
and as upon the judgment-roll the judgment seems reg-
ular, we may dismiss from consideration the separate
appeal therefrom, and turn our attention to the two ap-
peals from the order granting a new trial.

The contention of the plaintiff is that to grant a new
trial at all was error, and an abuse of the discretion
lodged in the court, while the defendant bases its ap-
peal upon the ground that it was clearly entitled upon
the record to a new trial, and, therefore, that the con-
dition imposed by the court below was erroneous.

1. As to the appeal by defendant.

That a *nisi prius* court has the power to impose terms
as a condition of making an order for a new trial is too
well settled to need argument in its support.

In *Rice* v. *Gashirie*, 13 Cal. 54, which in view of the

fact that the motion was founded upon errors of law occurring at the trial, and hence at first blush would seem not to have been a case involving turpitude on the part of the losing party, the court below granted a new trial upon condition that the moving party should pay the costs.

Upon an appeal by the moving party this court, speaking through Baldwin, J., said: "The terms upon which a court will grant a new trial are peculiarly a matter within its discretion. This must necessarily be so, for so many reasons relating to the conduct, management, and peculiar circumstances of the trial may exist that it would be impossible to prescribe any general rules on the subject. If error at law intervenes, a party may take his exceptions and prosecute his appeal without motion for a new trial; but if he makes his motion and relies upon that for redress against an improper verdict, he must subject himself to the equitable power of the court.

"The verdict may have gone against him in some degree or wholly, by his own neglect or default, or even the rulings of law be chargeable to his own laches or want of diligence. In such cases it may be proper to grant him a new trial, yet only upon equitable terms. We cannot interfere with this exercise of discretion unless upon a clear showing that it has been abused, or that the terms were grossly unreasonable."

In the present case the motion for a new trial was based, among others, upon the ground of the "insufficiency of the evidence to justify the verdict."

This is a ground appealing peculiarly to the discretion of the trial court. And wherever the conditions are such that the court below is authorized in its discretion to impose terms as a condition to granting a new trial, this court will interfere only in those cases where it manifestly appears that there has been an abuse of such discretion.

The following cases in this court recognize and uphold the right of the trial court in one form and another

to impose terms and conditions in granting and refusing motions for new trials: *Sherman* v. *Mitchell*, 46 Cal. 578; *Gillespie* v. *Jones*, 47 Cal. 264; *Chapin* v. *Bourne*, 8 Cal. 294; *Harrison* v. *Peabody*, 34 Cal. 178; *Dreyfous* v. *Adams*, 48 Cal. 131; *Benedict* v. *Cozzens*, 4 Cal. 381; *Cordor* v. *Morse*, 57 Cal. 301; *Gregg* v. *San Francisco etc. R. R. Co.*, 59 Cal. 312; *Davis* v. *Southern Pac. Co.*, 98 Cal. 13.

In the case last cited the jury had found a verdict in favor of plaintiff for fifteen thousand three hundred dollars. Defendant moved for a new trial.

The trial court made an order that, if plaintiff should consent that the judgment be reduced to nine thousand dollars, the new trial would be denied, and that otherwise it would be granted. Plaintiff consented to the reduction, and the motion was thereupon denied. Defendant appealed from the order.

Counsel for appellant attacked the power of the court to make such an order, and contended that if the court thought the verdict excessive its duty was to grant a new trial.

This court, speaking through McFarland, J., after admitting that the position of appellant was a strong one, added: "But whatever might be considered the weight of reason and foreign authority on the question above stated, if it were *res integra* here, the right of a court to do what is complained of in the case at bar is too firmly established in this state by a long line of decisions to be now questioned."

The principle involved in that case is the same as that underlying the present one, and goes to the power of the court to impose terms in granting and refusing motions for new trials.

A review of the record fails to disclose any basis for concluding that there was an abuse of discretion in imposing terms as a condition to granting the motion for a new trial. It follows that the order appealed from by defendant should be upheld.

2. As to the appeal of plaintiff from the order granting such new trial.

The infant plaintiff, a young girl of the age of twelve and one-half years, a passenger on the 5 P. M. train of the defendant from Tiburon to San Rafael, on Sunday, July 6, 1890, seated in next to the rear car, and design-ing to stop at San Rafael, remained on board the train when it stopped at the regular station in said last-named city, supposing her car would be detached from the train a couple of blocks beyond said station, and that she could then and there leave the car at a point nearer her temporary home.

The train did not stop or detach cars as plaintiff had anticipated, but moved on up a grade of one hundred feet per mile at a rate of speed of eight to ten miles per hour, when the plaintiff, being alarmed at being carried beyond her home, started for the rear car, as she stated, to find the conductor, and upon reaching the platform fell from the car, as she says, whereby her right foot and ankle were crushed by the wheels of the car, render-ing amputation of the leg necessary.

The theory of the plaintiff was that defendant was accustomed to drop off cars from the rear of its trains at a point two or three blocks north of the San Rafael station, and switch them to a sidetrack; that passengers residing in the vicinity of such switch and sidetrack were and for some years had been accustomed, with the knowledge of .the defendant, to remain on such cars until they were detached from the train, and that this custom had been so uniform and general that plaintiff was entitled to rely, and did rely, upon its observance, and that the failure of the defendant to stop its train on the day in question, and at the point indicated in con-formity to such custom, was such negligence as rendered defendant liable for the consequences to the plaintiff. Plaintiff introduced some evidence tending to establish such .custom.

Defendant took issue with plaintiff as to the existence of the habit or custom indicated above, and introduced evidence tending to prove that under its summer sched-ule or arrangement in 1890 it ran trains on week days

leaving San Francisco by boat for Tiburon, where connection was made with the cars as follows: At 3:30 P. M., at 5 P. M., and at 6:15 P. M.

The 3:30 train ran through to Cloverdale; the 5 P. M. through train ran to Santa Rosa. To accommodate the local travel to San Rafael, a local train also ran to that point on the 5 P. M. schedule, pulling out of Tiburon five minutes in advance of the Santa Rosa train, and on reaching San Rafael it discharged its passengers, ran up the track to a point above the switch (near the point where the plaintiff expected to alight), and was backed upon a siding to permit the through train to pass. This through train dropped no cars at San Rafael on week days.

The 3:30 train on week days did, ordinarily, drop off two cars above the switch, and they found their way back by gravity, and were shunted upon the sidetrack.

Upon this local train and upon the 3:30 train it is apparent, from the testimony, passengers did remain on board at times, at least, and land at or near the switch, which is north of and beyond the station.

On Sunday, in 1890, there was no considerable number of passengers for San Rafael at 5 P. M., and the local train was not run, but the Santa Rosa train carried all the passengers, stopped at the station in San Rafael, but did not stop at the switch or drop off any cars, as they were all needed to bring down passengers from above on Monday morning, who were accustomed to go up Saturday evening to spend Sunday in the country.

This is but an outline of the testimony. We shall not comment upon it, for the reason that it is not desirable to express any opinion upon the facts of a case which must be again tried beyond what is absolutely necessary.

It is sufficient to say that the court below was warranted in granting a new trial. It was said in *Cole* v. *Wilcox*, 99 Cal. 549, by Harrison, J: "The action of the trial court in granting a new trial for the reason that the former verdict or decision was not supported by the

evidence is so much a matter of discretion that, unless it appears that there was an abuse of that discretion, this court will not interfere with its action."

There is no abuse of discretion apparent in the present case.

The order appealed from by the plaintiff and the order appealed from by the defendant, and each of them, should be affirmed, and as, upon such affirmance, the judgment appealed from will, upon the compliance of defendant with the condition upon which the motion for a new trial was granted, cease to exist, the appeal from the judgment should be dismissed, each party to pay her and its own costs on appeal.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order appealed from by the plaintiff and the order appealed from by the defendant, and each of them, is affirmed, and as, upon such affirmance, the judgment appealed from will, upon the compliance of defendant with the condition upon which the motion for a new trial was granted, cease to exist, the appeal from the judgment is dismissed, each party to pay her and its own costs on appeal.

McFARLAND, J., HENSHAW, J., TEMPLE, J.