[Civ. No. 2799.  Second Appellate District, Division One.—December 13, 1918.]

## ELIZABETH G. STENSLAND, Petitioner, v. THE SUPERIOR COURT, etc., et al., Respondents.

CERTIORARI—ORDER IN EXCESS OF JURISDICTION—HOW REVIEWED.—If a party has the right of appeal from an order made in excess of jurisdiction, he cannot have such order reviewed in *certiorari* proceedings.

ID.—ORDER ON PROCEEDINGS SUPPLEMENTAL TO EXECUTION—REVIEW OF.—An appeal lies from an order made on proceedings supplemental to execution, and such order is not subject to review on *certiorari* proceedings.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District.    Petition denied.

The facts are stated in the opinion of the court.

Theodore Stensland  for Petitioner.

George & McCoy  and Jesse George  for Respondents.

CONREY, P. J.—After notice duly given, the petitioner herein has applied for a writ of review.  Respondents demurred upon the ground that the petition does not state facts sufficient to constitute a cause of action or to authorize the issuance of a writ of review.

In a certain action in the superior court of the county of San Diego, wherein Jesse George et al., were plaintiffs and the petitioner herein was defendant, judgment for a stated sum was rendered against the defendant.  Execution was issued, and notice of garnishment served on J. B. McLees. Thereafter supplemental proceedings were instituted under section 717 et seq. of the Code of Civil Procedure, whereby McLees was brought before the court to answer concerning property of the judgment debtor in his hands.  On order of the court made at the hearing of said matter, McLees delivered to the sheriff a certain sum of money, and the same was used in satisfaction of the judgment.  Thereafter the petitioner, as defendant in that action, duly presented her motion to said court for an order vacating and annulling said order in supplemental proceedings on the ground, among others, that said court was without jurisdiction to make said order; but her said motion was denied.  She now demands a review and annulment of the same order.

It is well established that "if a party has the right of appeal from an order made in excess of jurisdiction he cannot have such order reviewed in *certiorari* proceedings.  Such is the express provision of our statute (Code Civ. Proc., sec. 1068), and it has been uniformly so held by this court."  (*Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753, 755, [96 Pac. 803].)  Petitioner, in the action of George et al. against her, had the right of appeal from the order which she seeks to have reviewed, as well as from the order denying her motion

to set aside that order. A party to the record may appeal from any special order made after final judgment in an action. (Code Civ. Proc., sec. 963; *Elliott* v. *Superior Court,* 144 Cal. 501, [103 Am. St. Rep. 102, 77 Pac. 1109].)

Other questions of law are presented by counsel, arising upon facts which appear in the petition, additional to those above stated. These are matters which need not be discussed at this time, since we are of opinion that they may not be reviewed in this proceeding.

It is ordered that the demurrer be sustained, upon the ground above stated; and that the petition for a writ of review be and the same hereby is denied.

James, J., and Myers, J., *pro tem.,* concurred.