[Civ. No. 5870. Second Appellate District, Division One.—January 9, 1928.]

HORTENSE I. EDWARDS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Charles M. Easton for Petitioner.

Everett W. Mattoon, County Counsel, and Claude H. McFadden, Deputy County Counsel, for Respondents.

HOUSER, J.—It appears that some time prior to the filing of the petition herein petitioner was granted a decree of divorce from her husband, wherein she was awarded alimony; that several months thereafter, because of the fact that nothing had been paid by the husband on account of such alimony, he was cited for contempt of court. At the same time, but under a separate proceeding supplementary to execution, the husband was ordered to answer respecting his property. When the two matters came on for hearing, the judge then and there presiding required the wife to elect whether she would proceed by and through the citation for contempt of court, or by virtue of the proceeding supplementary to the execution of the judgment. Upon the declination and refusal of the wife to so elect, the court thereupon dismissed the proceeding supplementary to the execution and caused to be entered in its minutes an order of which the following is a part, to wit:

" . . . The court gives plaintiff the right of election as to whether *he* elects to proceed upon the examination of judgment debtor or the order to show cause *re* contempt, the court holding that the two proceedings are inconsistent with each other. The counsel for plaintiff refused to elect between the two proceedings and the court then orders the proceeding *in re* examination of judgment debtor dismissed, to which plaintiff enters *his* exception. . . . "

By virtue of a writ of mandate petitioner seeks to have the proceeding supplementary to the execution restored to the calendar of the lower court, to the end that the husband may be required to answer regarding his property.

The question first raised by respondents is as to whether, in an action for divorce where alimony is awarded the wife, under appropriate circumstances she is entitled to an order supplementary to the execution of the judgment. No authorities directly in point are cited. However, the provisions of the statutes would seem to be ample. Section 137 of the Civil Code gives the right to execution in satisfaction of an order of "alimony" during the pendency of an action for divorce; and section 1007 of the Code of Civil Procedure provides that: "Whenever an order for the payment of a sum of money is made by a court pursuant to the provisions of this code, it may be enforced by execution in the same manner as if it were a judgment."

No attempt is made by respondents to justify the "inconsistency" between the alleged contempt of court and the proceeding supplementary to the execution, as suggested by the judge before whom the several matters were set for hearing. It is, however, urged by respondents that *mandamus* is not the appropriate remedy to correct the error, if any, made by the lower court.

Section 1086 of the Code of Civil Procedure provides that the writ of *mandamus* must issue "in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." Under such provision it is generally held that where a remedy by way of an appeal exists the issuance of the writ of mandate should be denied. (16 Cal. Jur. 787, and cases there cited.) It therefore becomes important to inquire whether the order of dismissal of the

proceeding supplementary to execution of the judgment was an appealable order

Section 963 of the Code of Civil Procedure, which specifies the several instances in which an appeal may be taken, among other things, contains a provision in effect that an appeal will lie "from any special order made after final judgment." In the case of *Stensland* v. *Superior Court*, 39 Cal. App. 172 [178 Pac. 549], it is ruled that an appeal lies from an order made on proceedings supplemental to execution. In the instant matter, it would therefore follow that ordinarily, if an error was committed by the trial court, the remedy of petitioner, if any, would be by way of an appeal, rather than by the force of a writ of mandate. However, it appears that in special instances where, for example, the effect of a mere reversal of the order from which an appeal might be taken would leave the appellant in no better position than that occupied by him in the first instance—that is to say, with a simple right to the issuance of the order, but with no power to compel it—the party aggrieved may have a mandate to enforce his rights. The point is illustrated in the case of *Holtum* v. *Greif*, 144 Cal. 521 [78 Pac. 11], where a petition was presented to the court for a writ of mandate requiring the respondents to issue execution on a judgment. In that case Chief Justice Beatty, in speaking for the court, said in part:

" . . . Here it is suggested there is a plain, speedy and adequate remedy by appeal from the order overruling the motion for execution, but this remedy although plain is neither speedy nor adequate. The appeal, in the ordinary course, would not be decided for a long time, and pending the appeal there would be no security for the payment of the judgment. And, besides, nothing would necessarily result from an appeal beyond a reversal of the order, and this would merely confirm the right of the petitioner to execution—a right already complete. So that unless the judgment of reversal was accompanied by a mandatory direction to order the issuance of execution, the petitioner would find himself at the end of his appeal precisely where he is now—with a right to demand the issuance of the writ, but with no power to compel it. Considerations such as these

must have been the ground of decision in *Garoutte* v. *Haley*, 104 Cal. 497 [38 Pac. 194]. . . . "

In the case of *Sullivan* v. *Superior Court*, 185 Cal. 133 [195 Pac. 1061], the same rule was applied as affecting writ of assistance. See, also, *Hunt* v. *Broderick*, 104 Cal. 313 [37 Pac. 1040]; *Garoutte* v. *Haley*, 104 Cal. 497 [38 Pac. 194].

In the instant case, as in substance is pointed out in each of the cases to which reference has been had, an appeal from the order in question, if decided favorably to the appellant, would fail in providing an adequate remedy in that it would "merely confirm the right" of the appellant in the premises and leave her at the end of her appeal precisely where she is now—with the right to demand the issuance of the order supplementary to the execution of the judgment, but with no power to compel a hearing thereon.

So far as the proceeding supplementary to execution is concerned, let the peremptory writ issue as prayed.

Conrey, P. J., and York, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 8, 1928.