[Civ. No. 17290.   First Dist., Div. Two.   Aug. 1, 1957.]

J. S. WILLIAMS, Appellant, v. HARRY HUFFORD et al.,
Respondents.

Ephraim Adams and James A. Ersted for Appellant.

Harrett W. Mannina for Respondents.

DOOLING, J.—This case was tried on a complaint in four counts seeking an aggregate recovery of $5,645.   Defendants filed an answer and cross-complaint.   The court originally gave judgment against plaintiff on his complaint and against defendants on their cross-complaint.   Plaintiff moved for a new trial.   The court, acting pursuant to Code of Civil Procedure, section 662, amended its findings and entered judgment thereon for plaintiff for $30.03, but allowed costs to defendants.   Plaintiff moved to vacate the judgment for costs. From the order denying this motion plaintiff appeals.

Appellant argues that under Code of Civil Procedure, sec-

tion 1032, the court has no power to allow costs to the losing party. We need not decide that question. Before the enactment of Code of Civil Procedure, section 662, in 1929, which gave the court the additional power to amend the findings and modify the judgment on motion for new trial, it was settled that in granting a motion for new trial the court had the power to impose costs on the moving party. (*Holtum* v. *Grief*, 144 Cal. 521 [78 P. 11]; *Brooks* v. *San Francisco & N. P. Ry. Co.*, 110 Cal. 173 [42 P. 570]; *Garoutte* v. *Haley*, 104 Cal. 497 [38 P. 194]; *Cordor* v. *Morse*, 57 Cal. 301; *Rice* v. *Gashirie*, 13 Cal. 53.)

In enacting Code of Civil Procedure, section 662, the Legislature provided that the order modifying the judgment might be made ''on such terms as may be just.'' In view of the theretofore recognized power to impose terms, including the imposition of costs, in granting a new trial, this language is reasonably construable as giving the court a like power where the court, instead of granting a new trial, exercises its alternative power to modify the judgment.

It is incumbent on appellant to present a record showing that in exercising its power in this respect the court abused its discretion. In the absence of such a showing every presumption favors the trial court's action. (*Vaughn* v. *Jonas*, 31 Cal.2d 586, 601 [191 P.2d 432].)

Order affirmed.

Kaufman, P. J., and Draper, J., concurred.