[No. 3,132.]

## PATRICK GILLESPIE v. EVAN E. JONES.

COMPLAINT IN EJECTMENT.—It is not necessary in a complaint in ejectment, in order to entitle the plaintiff to recover on the ground of having acquired a title to the demanded premises by five years' adverse possession, to aver an adverse possession of five years.

IDEM.—Under an averment of ownership in fee and of right to the possession at the commencement of the action, the plaintiff may prove any facts which would entitle him to recover at that time.

IDEM.—In such case, an averment that the plaintiff's grantor had been in possession for more than five years before the commencement of the action, is superfluous.

POSSESSION OF LAND.—If one person has a lot enclosed with a fence, and another, on an adjoining lot, erects a house which is several feet above the ground and projects over the fence on to the lot enclosed, without any portion of its walls resting on the land within the enclosure, the house is not a disturbance of the possession of the one who built the fence, so as to prevent the Statutes of Limitations from running in his favor.

ORDER GRANTING NEW TRIAL CONDITIONALLY.—If the plaintiff in ejectment obtains a verdict for a quantity of land in excess of what the evidence entitles him to, the Court may, if the defendant moves for a new trial, make an order granting a new trial, unless the plaintiff remits the excess of land, and dismisses the action with respect to it.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The action was ejectment for a strip of land fronting two feet and eight inches on Kearny street, with a depth of sixty-

six feet and six inches, and a rear breadth of three feet six and one half inches, claimed as a portion of fifty-vara lot No. 383. The complaint, which was filed in January, 1870, avers that from the second day of April, 1856, until the twenty-third day of February, 1869, the plaintiff's grantor, Washburn, "was in the actual possession" of the demanded premises; that on the twenty-third day of November, 1869, he was the owner in fee of the land, and entitled to the possession of it, and that on that date he conveyed it to the plaintiff. It is also alleged that the defendant unlawfully entered and ousted the plaintiff's grantor on the twenty-third of February, 1869, and "had ever since continued in possession wrongfully," etc. At the trial, which was with a jury, the plaintiff introduced the deed from Washburn, in which the land is described in such a manner as to include only a part of the demanded premises, in the shape of a parallelogram two feet and eight inches in breadth throughout the sixty-six feet and six inches in depth, leaving out a triangular piece ten and a half inches wide in the rear and running to a point in front. The plaintiff proved that his grantor had built and for several years maintained a fence along the southerly line described in the complaint, thereby inclosing the whole tract; that his grantor had lived upon the lot of which the demanded premises was claimed to be a part, with his family, or had been in possession of it by tenants, for more than five years prior to the commencement of the action. After the plaintiff had introduced his evidence, the defendant moved for judgment of nonsuit, on the ground that no adverse possession had been shown. The motion was denied. The defendant claimed under an Alcalde grant. He proved that in 1852 his grantor, Murray, had built a house upon an adjacent lot on the south, the house projecting across the triangular tract, and more than a foot over the land in dispute, and that the house had remained there until removed in February, 1869, for a new house; and that the disputed land had been used by Murray for purposes of sewerage and as a passage-way to the street. It was shown, however, that the portion of the house which projected over the land in controversy was

several feet above the ground, and the fence ran under it. The Court charged the jury to the effect that five years' open, exclusive, adverse possession of land, indicated to the world by notorious acts of ownership, would entitle a party to recover, even as against the real owner—the original owner; that such possession must be unequivocal, but "it would not follow that a man was not in exclusive possession, if he permitted his neighbor to pass through his land; but if he permits his neighbor continuously to use the land, the neighbor claiming it as his own, claiming to have the right to use it, that is not exclusive possession. It must be such possession as is notorious, such as indicated by notorious acts, showing to the world that the man asserts his ownership, control and dominion over that particular piece of land to the exclusion of all the world." The jury returned a general verdict for the plaintiff and judgment was rendered for the land described in the complaint. The defendant moved for a new trial, urging as one ground for the application, that the verdict and judgment were against the evidence in that there was no evidence to show that the plaintiff was entitled to recover the triangular piece of land. The Court made an order granting a new trial unless the plaintiff should within one day remit the excess and dismiss the action with respect to it. The plaintiff consented to the modification suggested by the Court, and thereupon the new trial was denied. The defendant appealed from the judgment and from the orders as to the new trial.

*F. P. Dann,* for Appellant.

There was no allegation in the complaint by which defendant could be led to think that plaintiff relied upon an adverse possession of five years as the basis of his right to recover; nor was any such idea suggested in his opening statement. In making a title to land under the Statute of Limitations, it must appear on the part of the person claiming under that statute, that the premises have been held and possessed by him adversely to the legal title for five years before the commencement of the action, and, also, that

neither the party claiming the legal title, his ancestor, predecessor nor grantor was in possession of the premises within five years before the commencement of such action. (Stat. 1850, p. 344, Sec. 9; Stat. 1863, p. 326, Sec. 6.) That this is so in defending under that statute, there can be no question; and no reason exists in law or logic why the same rule should not obtain where the plaintiff in seeking to recover land makes his title under that statute. (*Sharp* v. *Daubney*, 33 Cal. 505.) The plaintiff, therefore, by his complaint has made no case which would entitle him to claim title by reason of five years' adverse possession as against the defendant, and he cannot claim that under the evidence he is entitled to rely upon an adverse possession to make out his title. Certainly this must be so, or it must be held that the defendant can be left entirely in the dark as to the claim that is to be made upon him, and that he is called upon to defend.

First, then, Washburn did not claim this land under any written instrument, but only by reason of his possession. Possession, then, to be adverse, so as to prevail against the legal title, must be under a claim of title, exclusive of any other right; must be exclusive of the real owner, and with an intent to claim against him. (Stat. 1850, p. 344, Sec. 12; Angel on Lim., Secs. 381, 384, 385, 390, 391 to 401, 402; *Figg* v. *Mayo*, 39 Cal. 262; *Miller* v. *Platt*, 5 Duer, 273; *Kimbal* v. *Lohmas*, 31 Cal. 159; *Sparhawk* v. *Bullard*, 1 Met. 95; *Wolfe* v. *Baldwin*, 19 Cal. 313; *Brummagim* v. *Bradshaw*, 39 Cal. 24; Adams on Eject. 55 to 63 and ns. and n. p. 551.)

Where possession is held without title or claim of right, but only by ignorance of boundaries, adverse holding commences only upon some unequivocal act, such as refusal to move. (*Phelps* v. *Henry*, 15 Ark. 297; *Brown* v. *Gay*, 3 Greenl. Me. 126.) Where there is a mixed possession, the seizin is in him who has the title. (Ang. on Lim. 410 and ns. and cases cited; *Codman* v. *Winslow*, 10 Mass. 151; Adams on Eject., 55 to 63 and ns. and n. p. 551.) The entry into possession must have been adverse in its inception, and must so appear by proof. (*Brandt* v. *Ogden*, 1 Johns, 157; 2 Johns B. 230, and 9 Johns B. 167; Adams on Eject., *supra*.

*W. C. Burnett*, for Respondent.

A plaintiff in ejectment who, in fact, claims title by adverse possession, need not deraign his title in his complaint, by stating the fact of his adverse possession. He may allege that he is the owner, simply, and upon the trial prove his adverse possession as the foundation of his title. (*Cincinnati* v. *White*, 6 Peters' R. 431; *Day* v. *Alverson*, 9 Wend. R. 223; 3 Ham. (Ohio) R. 57; *Holtzapple* v. *Phillebaum*, 4 Wash. (Cir. Ct.) R. 356.)

The complaint, in this case, alleges respondent to be the owner. "Where land has been held under a claim to the fee, for the time prescribed by the statute, and an entry is made by the party who has the written title, such party may be dispossessed by an ejectment brought by him who so held and claimed." (Angel on Limitations, Secs. 381, 382; *Cincinnati* v. *White*, 6 Peters' (U. S.) R. 431; *Jackson* v. *Pontes*, Paine's Circuit Ct. R. 457; *Devatch* v. *Newsam*, 3 Ohio R. 57; *Jackson* v. *Olitz*, 8 Wend. (N. Y.) R. 558; *Day* v. *Alverson*, 9 Wend. R. 223, *Jackson* v. *Rightmeyer*, 16 Johns. R. 314; *Gibson* v. *Bailey*, 9 N. Hamp. 168.)


By the Court, NILES, J.:

1. It is urged by the appellant that the plaintiff did not aver in his complaint the adverse possession of the demanded premises, by himself or his grantor, for the period of five years prior to the commencement of the suit. But the plaintiff's ownership in fee and right to the possession of the land at the date of the commencement of the suit is averred, and under this he might prove any facts which would entitle him to possession at that time. The averment that the plaintiff's grantor had been in possession for more than five years was superfluous, and it cannot be material that such possession was alleged to have been actual, and not distinctly alleged to have been adverse.

2. The claim that the projection of Murray's front house over the land in controversy was a disturbance *pro tanto* of the possession of Washburn, the grantor of plaintiff, cannot

be maintained.   No part of the walls of the building rested
upon the land within Washburn's inclosure.   The projec-
tion was several feet above the land, and the fence inclos-
ing the lot in controversy ran in a direct line from front to
rear, and under the projection.   The maintenance of the
house for a sufficient time in the position in which it was
constructed might become evidence of an easement, and
the right to continue it in the same position might be
thereby acquired.   But it was subsequent in date of erec-
tion to Washburn's inclosure, and was not inconsistent with
the only use Washburn had occasion to make and was ac-
tually making of the land.   (*Thacker* v. *Guardinier*, 7 Met.
484; *Carbrey* v. *Willis*, 7 Allen, 365.)

3. There was at least sufficient evidence of adverse
possession to make a case for the consideration of the jury,
and the motion for a nonsuit was properly denied.

4. There was no error in the charge of the Court that
calls for a reversal.   Certain detached portions of the
charge, considered separately, may be subject to criticism.
But it must be read as a whole, as it was given to the jury;
and so read, it fairly stated the law applicable to the case.

5. It was competent for the Court, upon discovering,
upon a motion for a new trial, that the description contained
in the complaint and the description of the judgment, fol-
lowing a general verdict for the plaintiff, included more land
than was conveyed to the plaintiff by his own deed from
Washburn, to order a new trial, unless the plaintiff should
remit the excess and dismiss his action to that extent.
There was no uncertainty in the discrepancy between the
land described in the deed and that described in the com-
plaint.   The verdict determined, substantially, that the
plaintiff's grantor had adverse possession of the entire tract
for a period sufficient to confer title by virtue of the statute
of limitations.   It was evidently unnecessary to refer this
question to another jury.   The land conveyed to the plaint-
iff being less than the whole tract by an amount rendered
certain and definite by the terms of the deed, which was
the sole foundation of his title, it was in the power of the
Court to require a remission of the excess as the condition

upon which the judgment should be allowed to stand.   We can see no substantial difference between this and the ordinary case of a remission of a definite portion of a judgment upon a money demand, which, in the opinion of the trial court, was not sustained by the proof.

Several exceptions were taken to the rulings of the Court in the admission or exclusion of evidence, which we do not deed it necessary to consider at length.   We find no substantial error in the record.

Judgment and order confirmed.

Neither Mr. Justice CROCKETT, nor Mr. Justice RHODES, expressed an opinion.