[Sac. No. 192.   Department One.—July 8, 1897.]

JAMES A. HARRIS ET AL., APPELLANTS, v. W. L. KELLOGG ET AL., RESPONDENTS.

MINING CLAIMS—REAL ESTATE — EJECTMENT—PLEADING — OWNERSHIP— CITIZENSHIP OF LOCATOR—EVIDENCE.—A mining claim is real estate and the rules of pleading relative to real estate are applicable in an action of ejectment to recover its possession.   In such an action, ownership is the ultimate fact to be averred, and such averment carries with it all the facts essential to establish the ownership, including a valid location and the qualifications of the locator, which may be proved under the general allegations of ownership, and the citizenship of the locator, being only matters of evidence, should not be alleged.

ID.—AVERMENT OF CITIZENSHIP WHEN REQUIRED—CONTEST UPON APPLICA- TION FOR PATENT.—The rule that it is necessary to aver citizenship of the locator or claimant of a mining claim, applies only to contests brought by an adverse claimant under section 2356 of the Revised Stat- utes of the United States, after application has been made for a patent;

in which case, the right of possession, depending on citizenship as a necessary element, is the ultimate fact to be pleaded, but such rule is inapplicable to an ordinary action of ejectment where ownership of land is the ultimate fact in issue.

ID.— BURDEN OF PROOF IN EJECTMENT — OWNERSHIP OF MINING CLAIM— LOCATION—CITIZENSHIP.—Where the allegation of ownership of a mining claim, in an action of ejectment, is to be established by virtue of a location under the laws of the United States, the burden of proof is upon the plaintiff to show a valid location, and the citizenship of the locator, or a declaration of intention to become such; and a finding that the plaintiff was the owner, without any proof of such citizenship, is not sustained by the evidence.

ID.—RIGHTS OF PRIOR LOCATOR—BURDEN OF PROVING ABANDONMENT OR FORFEITURE.—Where there is a prior valid location of the claim, the right of possession of the prior locator continues until he has, in fact, abandoned it, or forfeited it by failure to do requisite amount of annual work thereupon; and the burden of proving such abandonment or forfeiture is upon one who attacks the rights of the prior locator.

ID.—POSSESSORY RIGHT—ACTION BASED ON TITLE.—Though an action of ejectment may be based upon prior possession, in case of wrongful eviction therefrom, yet, where such action is based on title, and the plaintiff offers proof of title, and does not prove an actual possession at the time of the defendant's entry, he must fail if he does not show a valid title or right of possession.

ID.—PARAMOUNT TITLE OF MINING CLAIM—LAW OF POSSESSION—PROOF OF RIGHT.—Under section 910 of the United States Revised Statutes, a possessory action in any court of the United States for the recovery of a mining title, or for damages thereto, is not affected by paramount title in the United States, but each case is to be adjudged by the law of possession; and no greater proof of a right of recovery in such an action can be required in a state court, unless by virtue of some statute of the state.

ID. — STATE LAW — AFFIDAVIT OF ANNUAL WORK — TIME ALLOWED FOR FILING—PREMATURE LOCATION INVALID.—Where the amount of annual work upon a mining claim was, in fact, performed within the year, as prescribed by the law of Congress, the owner of the claim is allowed thirty days after the end of the year within which to file an affidavit thereof, under the act of the legislature of this state passed March 31, 1891, providing for the filing by the owner of the claim with the county recorder of an affidavit describing the labor performed or improvements made, and that, upon failure to file the same within thirty days after the time limited for such work or improvements, the mine shall be open to relocation; and a location made on the second day of January following the doing of such annual work is premature and invalid under the statute, though no affidavit is, in fact, filed with the county recorder, the claim not being open to relocation under the statute until after the expiration of said thirty days.

APPEAL from an order of the Superior Court of Madera County granting a new trial. W. M. CONLEY, Judge.

The facts are stated in the opinion of the court.

*George L. Hood,* and  *W. P. Thompson,* for Appellants.

A location can only be made upon unappropriated public domain, and cannot be made while a prior location or the rights of prior discoverers are subsisting. (*Armstrong* v. *Lower,* 6 Colo. 393; *Erhardt* v. *Boaro,* 113 U. S. 537; *Zollars etc. Co.* v. *Evans,* 2 McCrary, 39; *Murley* v. *Ennis,* 2 Colo. 300; *Strepey* v. *Stark,* 7 Colo. 614; *Souter* v. *Maguire,* 78 Cal. 543; *Belk* v. *Meagher,* 104 U. S. 279, 284; *Garthe* v. *Hart,* 73 Cal. 541.)   Forfeiture statutes are to be construed against a forfeiting, and forfeitures are never to be favored.   (Civ. Code, sec. 1442; *Belcher etc. Co.* v. *Deferrari,* 62 Cal. 160; *Colman* v. *Clements,* 23 Cal. 245; *Waring* v. *Crow,* 11 Cal. 366.)   In ordinary actions respecting mining claims, it is not necessary to allege citizenship, and it is sufficient to aver ownership generally.   (*Thompson* v. *Spray,* 72 Cal. 528; *Golden Fleece Co.* v. *Cable etc. Min. Co.,* 12 Nev. 312.)

*Harris & Hubbard,* for Respondents.

Citizenship is essential to a valid location of a mining claim, and those who either locate or purchase such a claim must be citizens or have declared their intention to become such.   (*Iba* v. *Central Assn.* (Wyo. 1895), 40 Pac. Rep. 527, 530; (Wyo. 1896), 42 Pac. Rep. 20; *Rosenthal* v. *Ives,* 2 Idaho, 243; *North Noonday Min. Co.* v. *Orient Min. Co.,* 1 Fed. Rep. 522; *Bohanon* v. *Howe,* 2 Idaho, 417; *Lee Doon* v. *Tesh,* 68 Cal. 43; U. S. Rev. Stats., sec. 2319.)   Plaintiffs must show a right of possession to overcome the actual possession of defendants by proof of compliance with mining laws.   (*Pralus* v. *Jefferson etc. Co.,* 34 Cal. 558;  *Golden Fleece etc. Co.* v. *Cable etc. Min. Co.,* 12 Nev. 312.)

HARRISON, J.—The plaintiffs brought this action to recover from the defendants the possession of a mining claim, and to restrain them from committing waste

thereon. The cause was tried by the court, and findings were made sustaining the allegations of the complaint, and judgment was rendered in favor of the
plaintiffs. Upon motion of the defendants a new trial
was afterward granted, and from this order the plaintiffs have appealed.

In the statement upon motion for a new trial the only
errors assigned are the insufficiency of the evidence to
justify the decision, and the particular specifications of
this insufficiency are:

1. The evidence fails to show that plaintiffs or any of
them were or are citizens of the United States, or had
*bona fide* declared their intention to become such citizens, or that they are or were ever at any time qualified
or entitled to locate any public land as a mining claim.

2. The evidence shows that the plaintiffs have not
filed or caused to be filed in the office of the county recorder of Madera county, or with the recorder of Fresno
mining district, an affidavit or statement showing the
amount or value of work done on the claim in controversy at any time.

The respondents urge upon this appeal, that, in order to enable the plaintiffs to show title to the mining ground, it was necessary for them to aver in their
complaint, as well as to prove, that they were citizens
of the United States, or had declared their intention to
become such, at the time of making their location. In
support of this latter proposition they have cited *Iba* v.
*Central Assn.* (Wyo. 1895), 40 Pac. Rep. 527; on rehearing, 42 Pac. Rep. 20; *Rosenthal* v. *Ives*, 2 Idaho, 243;
*North Noonday Min. Co.* v. *Orient Min. Co.*, 1 Fed. Rep.
522; *Le Doon* v. *Tesh*, 68 Cal. 43; *Golden Fleece etc. Co.*
v. *Cable etc. Min. Co.*, 12 Nev. 312. These were cases,
however, brought by virtue of the provisions of section
2326 of the Revised Statutes of the United States, under
which, after an application has been made for a patent
to mineral lands, an adverse claimant is required to
commence proceedings to determine the question between him and the applicant, of the right of possession

to the claim. Upon this contest the ownership of the mineral land is admittedly in the United States, and the right of possession is the ultimate fact to be ascertained for the purpose of determining to whom this ownership shall be transferred, and, as this right depends upon citizenship, it is essential that the fact upon which the right depends should be both averred and proved. The reason for this rule ceases, however, when the ownership of the land is the ultimate fact in issue, upon whose determination the right of possession follows as a legal sequence. The respondent has also cited *Bohanon* v. *Howe*, 2 Idaho, 417, in which in an action similar to the present it was held that the citizenship of the plaintiff should have been alleged in the complaint. No argument in support of such holding is presented in the opinion, and the cases cited in support thereof were actions brought under the provisions of section 2326 of the Revised Statutes of the United States, and as the opinion is not in conformity with the general rules of pleading it does not commend itself to our approval. A mining claim is real estate, and the rules of pleading relative to real estate are applicable to it. In the ordinary action of ejectment it is sufficient for the plaintiff to allege that he was the owner of the land in question. Such an averment carries with it all the facts essential to establish his ownership, and the means by which he became the owner would be only evidence of his ownership, and should not be alleged.

For the purpose of proving ownership, however, when it appeared upon the trial that the allegation of ownership was to be established by virtue of a location under the laws of the United States, it became necessary for the plaintiffs to prove all the facts necessary to qualify them for such location, one of which was citizenship, or a declaration of intention to become such; and the finding of the court that the plaintiffs were the owners, without any proof of such citizenship, is not sustained by the evidence. After a valid location has been made the locator need not keep an actual possession of the

claim. His right of possession will continue until he has in fact abandoned it, or has forfeited it by failure to do the requisite amount of work within the prescribed time (*Belk* v. *Meagher*, 104 U. S. 279), and the burden of proving such forfeiture or abandonment is on him who would attack this right. (*Hammer* v. *Garfield Min. etc. Co.*, 130 U. S. 291; *Quigley* v. *Gillett*, 101 Cal. 462.)

We do not mean to decide that, if the plaintiffs had been in the peaceable and actual possession of the mining claim at the time of the entry by the defendants, and had been evicted therefrom by them, they could not have maintained an action based upon such possession. The present action is based upon the title of the plaintiffs. They allege that on the second day of January, 1895, they were the "owners and entitled to the possession" of the mining claim, and at the trial based their right of recovery upon evidence in support of this allegation. Each of the witnesses for them testified that on the second day of January, 1895, the defendants occupied said mine, and were mining the same. There was a conflict of evidence as to whether the plaintiffs had abandoned the mine prior to the entry by the defendants, but there was no evidence that they were in actual possession of it when the defendants entered thereon. Section 910 of the United States Revised Statutes provides: "No possessory action between persons in any court of the United States for the recovery of any mining title, or for damages to any such title, shall be affected by the fact that the paramount title to the land in which such mines lie is in the United States, but each case shall be adjudged by the law of possession." In such an action no greater proof of a right to recovery can be required in a state court than would be required in a court of the United States, unless by virtue of some statute of the state. (See, also, *Haws* v. *Victoria Copper Min. Co.*, 160 U. S. 303, 317.)

The other specification of insufficiency of evidence arises upon a consideration of the provisions of section 1 of an act of the legislature, passed March 31, 1891,

(Stats. 1891, p. 219), which provides for filing by the owner of a mining claim with the county recorder of deeds of the county in which the mine is situated, an affidavit describing the labor performed or improvements made by him, and their value, when such improvements or labor are required for the location or ownership of the mine, within thirty days after the time limited for performing such labor or making such improvements, and that upon failure to do so the mine shall be open to relocation. There was evidence before the court tending to show that the plaintiffs did the requisite amount of work to preserve their location, but it was admitted that they had not filed any affidavit thereof in the county recorder's office of Madera county, or in the office of the recorder of Fresno mining district in said county, for any work during the year 1894. The defendants made their relocation January 2, 1895, and claim their right to make such relocation by virtue of the foregoing section of the statutes of this state.

There is an evident misprision in this statute in omitting the word "affidavit" as the instrument to be filed with the county recorder, and it may be doubtful what construction should be given to the statute; but, giving to it all the construction which is claimed on behalf of the respondents, they would not have acquired a right to relocation by reason merely of the failure to file this affidavit. The statute gives to the occupant thirty days after the time within which the labor is to be performed within which to file the affidavit, and the mine is not open to relocation until after the expiration of said thirty days.

The order is affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.