[S. F. No. 4383.    Department One.—October 11, 1907.]

NEW ENGLAND AND COALINGA OIL COMPANY, Appellant, v. M. S. CONGDON et al., Respondents.

Mineral Location — Actual Possession — Rights of Possessor — Abandonment of Possession.—Apart from any claim based on a mineral location under the law of the United States, one in the actual possession of public lands of the United States, on which he had attempted to make a mineral location, is entitled as against every one but the United States, the holder of the paramount title, to retain that possession. But if he relinquishes his possession he acquires no right superior to that of another who peaceably enters into possession, unless by virtue of a valid mineral location.

Id.—Oil Location.—Discovery.—Under the United States statutes of 1897 (29 U. S. Stats., L. 526), the entry and patenting of lands containing petroleum or other mineral oils are governed by the provisions of the law relating to placer claims, and a discovery of oil within the limits of the claim is essential to the validity of the location.

Id.—Absence of Discovery and Possession.—Although the discovery of oil upon the claim need not precede the location, still if the

alleged locator has not made a discovery and has not retained possession for the purpose of prosecuting work looking to a discovery, his mere posting of notices and marking of boundaries upon the ground will not serve to exclude others who may peaceably enter upon the land which he is not actually working or occupying.

Id.—Insufficient Evidence of Discovery.—Evidence of the finding on the land of " some oil sand stained with oil and a ridge of fossil," and that oil had been discovered in neighboring locations, the nearest well being two miles distant, and that the geological formation indicated the probable existence of oil-bearing strata in the claim, is insufficient to constitute a discovery.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

E. O. Larkin, for Appellant.

Hannah & Miller, for Respondents.

SLOSS, J.—This action was brought to recover the possession of a quarter-section of land situate in Fresno County, and damages for the withholding thereof. The defendants had judgment, and the plaintiff appeals from the judgment and from an order denying its motion for a new trial.

The land in controversy is a part of the surveyed public land of the United States and is claimed by the plaintiff to contain petroleum and other mineral oils. The predecessors of the plaintiff, on January 1, 1903, undertook to make a mineral location on said land by posting a notice and marking the boundaries of their location upon the ground. On the following day they filed a copy of their notice of location in the office of the recorder of Fresno County. The complaint alleges that the locators took immediate possession of the land and retained it until the eleventh day of November, 1903, when they transferred their interest in said land to the plaintiff who, upon said transfer being made, took possession of said land and remained in the peaceable possession thereof until the twenty-fourth day of October, 1904. On the last named day, the defendants entered upon said land and have ever since excluded the plaintiff therefrom.

The court found that the predecessors of plaintiff did not remain in possession after the second day of January, 1903, and that plaintiff never entered into possession and was not in possession at the time of defendant's entry on the twenty-fourth day of October, 1904. It also found that on January 1, 1903, no valuable mineral deposits or petroleum or mineral oil were known to be contained in the land, and that no such deposits or petroleum or mineral oils had then been, nor have they since been, discovered on or in the land.

If these findings are sustained by the evidence there can be no doubt that the court properly concluded that judgment should be entered in favor of the defendants.

Apart from any claim based on a mineral location under the laws of the United States, the plaintiff, if in actual possession of the land, was entitled as against every one but the United States, the holder of the paramount title, to retain that possession. (*Harris* v. *Kellogg*, 117 Cal. 484, 49 Pac. 708].) But if, as the court has found, the plaintiff was not, on the seventeenth day of October, 1904, in possession of the land, it had no right superior to that of the defendants entering peaceably, unless by virtue of a valid mineral location. (*Funk* v. *Sterrett*, 59 Cal. 614.)

The finding that there had been no discovery of oil upon the land was, in the absence of a retention of possession and a prosecution of work, fatal to the validity of plaintiff's alleged location. By the terms of the statute of 1897 (29 U. S. Stats., L. 526, [U. S. Comp. Stats. 1901, p. 1434],) the entry and patenting of lands containing petroleum or other mineral oils are governed by the provisions of the law relating to placer claims, and it is now well settled that a discovery of mineral within the limits of the claim is as essential to the validity of the location in the case of placers as it is in lode locations. (1 Lindley on Law of Mines, 2d ed., sec. 437; *Nevada Sierra Oil Co.* v. *Home Oil Co.*, 98 Fed. 673; *Olive L. & D. Co.* v. *Olmstead*, 103 Fed. 568.) An indication of the contrary view in *Gregory* v. *Pershbaker*, 73 Cal. 111, [14 Pac. 401], was not necessary to the decision, and the rule that a discovery is requisite to a perfect placer location has been expressly declared by this court in two recent cases dealing with the location of oil lands. (*Miller* v. *Chrisman*, 140 Cal. 440, [98 Am. St. Rep. 63, 73 Pac. 1083, 74 Pac. 444]; *Weed* v. *Snook*, 144 Cal. 439, [77 Pac. 1023].)

It is no doubt true that the discovery need not precede the location. As is said in *Miller* v. *Chrisman,* 140 Cal. 445 [98 Am. St. Rep. 63, 73 Pac. 1084], "The discovery may be made subsequently, and when made operates to perfect the location against all the world, saving those whose *bona fide* rights have intervened. One who thus in good faith makes his location, remains in possession, and with due diligence prosecutes his work toward a discovery, is fully protected against all forms of forcible, fraudulent, surreptitious or clandestine entries and intrusions upon his possessions." But where the alleged locator has not made a discovery and has not retained possession for the purpose of prosecuting work looking to a discovery, his mere posting of notice and marking of boundaries upon the ground will not serve to exclude others who may peaceably enter upon the land which he is not actually working or occupying.

The findings above referred to are fully sustained by the evidence. So far as the plaintiff's possession is concerned, the complaint itself alleges that the entry was made "during plaintiff's absence, and the absence of plaintiff's agents and employees from said premises." There was evidence that in April, 1904, a cabin had been built upon the land, that some roads had been constructed and a watchman employed. But the cabin had never been occupied nor had it even been completed so as to be fit for occupancy. It had neither doors nor windows and contained no furniture. The watchman employed by plaintiff was employed to watch other lands in addition, and lived about three miles from the land in controversy. From the time of posting of notice and marking of boundaries on the first day of January, 1903, down to the entry by defendants on the twenty-fourth day of October, 1904, no drilling or other actual development work was done. For all that appears, no agent of the plaintiff had actually set foot upon the ground for months prior to the entry of defendants. No steps were taken by the plaintiff's superintendent to do any work upon the land until after the defendants had located a claim upon the land and had done acts indicating that they intended to commence operations there. Under these circumstances we think the court had ample justification for concluding that the plaintiff had never been in actual possession of the land, but that it

was merely making a pretense of occupying it without any intention of actually proceeding to develop any mineral oils that might be therein.

It is equally clear from the evidence that the court properly found that there had been no discovery. Evidence that the land was oil bearing consisted of the testimony of plaintiff's superintendent, that he had found on the land "some oil sand stained with oil and a ridge of fossil," and that oil had been discovered in neighboring locations, the nearest well being some two miles distant. The geological formation indicated the probable existence of oil-bearing strata in the claim. This evidence was in no degree stronger than that presented in *Miller* v. *Chrisman*, 140 Cal. 446, [98 Am. St. Rep. 63, 73 Pac. 1084], where this court said: "To constitute a discovery, the law requires something more than conjecture, hope, or even indications. The geological formation of the country may be such as scientific research and practical experience have shown to be likely to yield oil in paying quantities. Taken with this there may be other surface indications, such as seepage of oil. All these things combined may be sufficient to justify the expectation and hope that, by driving a well to sufficient depth, oil may be discovered, but one and all they do not of and in themselves amount to a discovery." (See, also, *Nevada Sierra Oil Co.*, v. *Home Oil Co.*, 98 Fed. 673; *Week* v *Snook*, 144 Cal. 439, [77 Pac. 1023].)

The situation is, then, simply this: The plaintiff claiming under a location made in January, 1903, is seeking to recover possession of the land from parties who entered upon it peaceably almost twenty months after the date of location, although at the time of the entry the plaintiff had not made any discovery of oil, had not diligently prosecuted, and was not then prosecuting, any exploration looking toward the discovery of oil, and was not in the actual possession of the property. Showing no right superior to that of the defendants, it was not entitled to disturb their possession.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.