[Civ. No. 4196. Second Appellate District, Division Two.—August 4, 1923.]

E. N. JONES et al., Respondents, v. I. M. PECK et al., Defendants; C. B. CONLIN et al., Appellants.

[1] CORPORATIONS — OWNERSHIP OF PROPERTY OF DEFUNCT CORPORATION—RIGHT OF POSSESSION—TRUSTEES.—All of the property of a defunct corporation belongs to the persons who were its stockholders at the time it ceased to be a corporation, but the right of possession passes to the directors in office by force of the statutory provision which makes them trustees to settle the corporate affairs.

[2] MINES AND MINING—MINING CLAIM CONSTITUTES REAL ESTATE—PLEADING.—A mining claim is real estate, and the rules of pleading relative to real estate are applicable to it.

[3] PLEADING—POSSESSORY ACTION—ALLEGATION OF OWNERSHIP—POSSESSION—PRESUMPTION.—In a possessory action it is sufficient for the plaintiff to allege that he is the owner of the land in question. The right of possession accompanies the ownership; and from the allegation of the fact of ownership—which is the allegation of seisin in ordinary language—the right of present possession is presumed as a matter of law.

[4] EJECTMENT — INJUNCTION—RECOVERY OF POSSESSION OF MINING PROPERTY—PLEADING—OWNERSHIP—POSSESSION.—In an action by the trustees of a defunct mining corporation to recover the possession of mining properties and to enjoin the removal of certain improvements, fixtures and machinery, the averment that the defunct corporation owned the mining claims at the date of its demise and that certain of the plaintiffs and one of the defendants were the directors in office at the time of its demise and that the properties are now owned by the persons who were its stockholders when it forfeited its charter is a sufficient statement of the right of said plaintiffs to maintain the action, without an allegation that they are "entitled to possession" of said property.

[5] ID.—IMPROPER JOINDER OF PARTIES PLAINTIFF—IMPROPER UNITING OF CAUSES OF ACTION—ERROR NOT PREJUDICIAL.—In such action, conceding that two individuals, who were not trustees of the defunct corporation, and whom the complaint alleged were the owners of certain of the fixtures and improvements, were improperly joined as parties plaintiff and that their cause of action to recover possession of said property was improperly united with the cause of action alleged on behalf of the other plaintiffs, and that because of such defects in the complaint the demurrer thereto should have been sustained, it cannot be said that the defendants

suffered any injury by the ruling upon the demurrer, even if that ruling was erroneous, where no relief was awarded to either of said individuals and the judgment was not affected by their joinder as parties plaintiff, or by the improper uniting of their alleged cause of action with that which was alleged by the other plaintiffs.

[6] ID.—SUBSTANTIAL RIGHTS—ERRORS NOT AFFECTING—EFFECT UPON JUDGMENT.—A judgment should not be reversed for errors that do not affect the substantial rights of the parties.

[7] ID.—DEMURRER FOR UNCERTAINTY—OVERRULING OF—DEFENSE UNAFFECTED BY—ERROR NOT GROUND FOR REVERSAL.—The overruling of a demurrer which attacked the complaint as being uncertain is not a ground for reversal where, if it should be conceded that the ground of demurrer was well taken, the alleged uncertainties did not mislead or embarrass the defendants in making their defense.

[8] ID.—TITLE—ADMISSION OF DEED—ABSENCE OF INJURY—PLEADING. In such action, the defendants were not injured by the admission in evidence of a deed purporting to convey to the corporation certain described mining locations, constituting the properties in question, without the grantor being connected with title to any of said locations, which deed was executed almost five years before the corporation became defunct, where the fact of plaintiffs' ownership of said properties up to a period of nearly four years and ten months after the corporation's demise, and plaintiffs' possession thereof up to a period almost two years and four months after said demise, was established by the defendants admitting, through failure to deny, part of plaintiffs' allegations.

[9] ID.—LOCATION—ABANDONMENT—FORFEITURE—BURDEN OF PROOF.— After a valid location has been made the locator need not keep an actual possession of the claim; his right of possession will continue until he has in fact abandoned it, or has forfeited it by failure to do the requisite amount of work within the prescribed time, and the burden of proving such forfeiture or abandonment is on him who would attack this right.

[10] ID.—ASSESSMENT WORK—RELOCATION—TIME.—In such an action, where the evidence sufficiently showed that the requisite amount of work was done on the mining locations, constituting the property in question, for and on behalf of the defunct corporation and the trustees thereof for the years 1914 to 1919, inclusive, said mining claims were not subject to relocation until thirty days after the expiration of the year 1920, and an attempted relocation on December 29, 1920, was invalid.

---

9. Abandonment and forfeiture of mining claims, note, 87 **Am. St. Rep.** 403.

[11] ID.—PLEADING—GENERAL ALLEGATION OF OWNERSHIP—PRESCRIPTION—PROOF.—A prescriptive right can be proved under the general allegation of ownership.

[12] ID. — PLEADING — RIGHT OF ENTRY—STATUTE OF LIMITATIONS—FINDINGS.—In such action, under the view that an allegation by one of the defendants of a right to enter the premises amounted, in effect, to no more than a denial of absolute ownership, it was proper for the plaintiffs, in support of their allegations of ownership and that said defendant's entry was without right, to show and for the trial court to find, that said defendant's alleged right of entry and to remove fixtures was barred by the statute of limitations.

[13] ID. — PLEADING — DEFENSE—STATUTE OF LIMITATIONS—SECTION 462, CODE OF CIVIL PROCEDURE.—In such action, if the defense of one of the defendants that he had acquired by purchase from the defunct corporation the right to enter the premises and to remove equipment should be regarded as an affirmative defense of new matter, then under section 462 of the Code of Civil Procedure such defense must be deemed controverted and plaintiffs were entitled to invoke the statute of limitations against said right of entry without formally pleading it.

[14] ID. — ALLEGED DISQUALIFICATION OF DIRECTOR — COLLATERAL ATTACK.—In such action the title of one of the plaintiffs to the office of director of the corporation prior to its demise was not open to collateral attack upon the ground that he did not actually own stock in the corporation and therefore was not qualified to be a director.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Hocker and Z. B. Stuart for Appellants.

Kaye & Siemon for Respondents.

FINLAYSON, P. J.—This is an action to recover the possession of mining properties, and to enjoin the defendants from removing certain improvements, fixtures, and machinery. Judgment passed for the plaintiffs other than Berry and Rives. The appeal is by the defendants, C. B. Conlin and E. C. Eddie.

The complaint alleges the following facts: On March 4, 1916, the Bagdad Mining & Milling Company, a California

corporation (hereafter, for brevity, referred to as the Bagdad Company), was the owner of the Bagdad mine, in San Bernardino County, consisting of a contiguous group of ten mining locations situated about seven miles northeasterly from the Bagdad station of the Santa Fe railroad, together with a mill site known as the John Denair mill site. On that date the corporation forfeited its charter for nonpayment of its license tax. The plaintiffs, Jones, Morgan, Chester, and Gill, and the defendant Standley were the directors in office at the time of the forfeiture of the corporation's charter. Ever since that date the persons who were the then stockholders of the Bagdad Company have been, and are now, the owners of the ten mining locations and of the mill site. Upon the premises are certain permanent improvements which, it is alleged, the defendants threaten to and, unless restrained, will remove. On April 18, 1921, while plaintiffs were in possession, the defendants, with force and violence, entered upon the premises and began to dismantle and remove the fixtures. The plaintiffs, Berry and Rives, are the owners of certain of the fixtures and improvements, namely, the mill building, stamp-mill, crusher, elevator, automatic feeder, concentrators, and scales. Wherefore, plaintiffs pray that they be adjudged to be the owners of the Bagdad mine and of the mill site and of the fixtures and machinery, and that defendants be enjoined from further acts of demolition and trespass.

The defendants, Conlin, Standley, and McKelvey, demurred to the complaint upon general and special grounds of demurrer. The demurrer was overruled and an answer was filed by each of the appellants—the defendants Conlin and Eddie. Conlin, in his answer, denied that the Bagdad Company forfeited its charter and also denied that on April 18, 1921, or at any time subsequent to December 29, 1920, that corporation or plaintiffs owned or possessed any part of the property described in the complaint. For a separate defense Conlin alleged that on December 29, 1920, all of the mining property described in the complaint was open, unoccupied mineral ground of the United States; that on that date one I. M. Peck (a woman) made a lode location on the premises, designating it as the "Ophir"; that her location embraces all the property and improvements described in the complaint, and that after she had located the Ophir

mine she conveyed it to him. The defendant Eddie, in his answer, denied that plaintiffs were in possession on April 18, 1921, or that on that date he entered the premises without right and began dismantling or removing the fixtures. He also denied that the plaintiffs, Berry and Rives, own any of the improvements. For a further defense Eddie alleged that through one C. C. Calkins he purchased certain of the equipment on the premises from the Bagdad Company, that he was given permission to remove the same, and that pursuant to such permission he removed a part thereof before the commencement of the action.

The court found the facts substantially as alleged in the complaint, except that it found that the plaintiffs Rives and Berry do not own any of the property. It also found that it is not true that on December 29, 1920, any part of the premises was open or unoccupied ground or subject to location. As to the claim of the defendant Eddie, it was found that on August 24, 1914, he purchased from Calkins certain of the mining equipment; that subsequent to his removal of a portion thereof controversies arose between him and the Bagdad Company respecting his right to remove any of it, and that his claim to enter the premises and make further removal of equipment is barred by subdivision 3 of section 338 and by section 343 of the Code of Civil Procedure.

We shall consider first the demurrer to the complaint. To state a cause of action the allegations of the complaint were sufficient without an averment that plaintiffs are "entitled to possession." Their right to possession followed from the facts alleged by them. This is a possessory action (*Haggin* v. *Kelly*, 136 Cal. 481, 483 [69 Pac. 140]) ; and if, as the complaint alleges, the Bagdad mine and the John Denair mill site were owned by the stockholders of the defunct corporation at the time of the commencement of the action, then the directors in office at the date of the forfeiture of the corporate charter, on March 4, 1916, i. e., the defendant Standley and all of the plaintiffs other than Berry and Rives, are entitled to the possession of the properties as a matter of law. [1] All of the property of a defunct corporation belongs to the persons who were its stockholders at the time it ceased to be a corporation, but the right of possession passes to the directors in office by force of the statutory provision which makes them trustees to settle

the corporate affairs. (*Rossi* v. *Caire*, 174 Cal. 81 [161 Pac. 1161].) **[2]** A mining claim is real estate, and the rules of pleading relative to real estate are applicable to it. (*Harris* v. *Kellogg*, 117 Cal. 488 [49 Pac. 708].) **[3]** In a possessory action it is sufficient for the plaintiff to allege that he is the owner of the land in question. The right of possession accompanies the ownership; and from the allegation of the fact of ownership—which is the allegation of seisin in ordinary language—the right of present possession is presumed as a matter of law. (*Payne* v. *Treadwell*, 16 Cal. 220, 244; *Garwood* v. *Hastings*, 38 Cal. 218; *Heeser* v. *Miller*, 77 Cal. 192 [19 Pac. 375]; *Harris* v. *Kellogg, supra; Haggin* v. *Kelly, supra; Davis* v. *Crump*, 162 Cal. 516 [123 Pac. 294].) **[4]** It follows, therefore, that the averment that the defunct corporation owned the mining claims at the date of its demise and that they are now owned by the persons who were its stockholders when it forfeited its charter is a sufficient statement of the right of the plaintiffs, other than Berry and Rives, to maintain the action.

**[5]** It may be conceded that Berry and Rives were improperly joined as parties plaintiff and that their cause of action to recover possession of certain of the fixtures and improvements was improperly united with the cause of action alleged on behalf of the other plaintiffs. It may also be conceded that because of such defects in the complaint the demurrer thereto should have been sustained. But as no relief was awarded to either Berry or Rives, and as the judgment was apparently not affected by their joinder as parties plaintiff or by the improper uniting of their alleged cause of action with that which was alleged by the other plaintiffs, we cannot say that appellants have suffered any injury by the ruling upon the demurrer, even if that ruling was erroneous. **[6]** A judgment should not be reversed for errors that do not affect the substantial rights of the parties. (*Conaway* v. *Toogood*, 172 Cal. 706, 713 [158 Pac. 200]; *Grossetti* v. *Sweasey*, 176 Cal. 793 [169 Pac. 687].) As was said in the Grossetti case, "the matter of pleading becomes unimportant when a case is fairly tried, as this one apparently was, upon the merits and under circumstances which indicate that nothing in the pleadings misled appellant to its injury."

[7]   One of the grounds of demurrer was that the complaint is uncertain in certain particulars. If it should be conceded that this ground of demurrer was well taken, nevertheless it is apparent from the record that the alleged uncertainties did not mislead or embarrass appellants in making their defense. The overruling of the demurrer is, therefore, not a ground for reversal. (*Bank* v. *Fulgham,* 151 Cal. 237 [90 Pac. 936].)

As a part of their case in chief plaintiffs, over defendants' objection, were permitted to introduce a deed from one John Denair, as grantor to the Bagdad Company as grantee. The deed was executed July 31, 1911, and purports to convey to the grantee the ten contiguous mining locations which constitute the Bagdad mine—the mine which the complaint alleges was owned by the Bagdad Company at the date of its demise, March 4, 1916. The deed recites the date of the location of each of the ten claims and gives the book and page wherein each location is recorded. It would seem that at the date of the deed the ten locations, as a group, were known as the "Orange Blossom" mine. The deed states that the locations are consolidated and worked as one mine known as the "Orange Blossom mine." No attempt was made by plaintiffs to connect Denair with title to any of the ten locations. It is for this reason that defendants objected to the introduction of the instrument. Though there was no direct evidence that any of the ten mining locations described in Denair's deed to the Bagdad Company was a valid location, appellants concede that at one time the ten claims were located by certain parties. They commence their opening brief as follows: "During the year 1906 some parties located what was known as the Orange Blossom group of mining claims situate in the Hikorum Mining District, San Bernardino County, California, about 9 miles, in a northerly direction, from Bagdad Station, on the Santa Fe Railroad." Not only do appellants assign as error the admission in evidence of the deed without connecting the grantor with title to the locations described therein, but for the same reason they claim that the evidence is insufficient to support the finding that these locations were owned by the Bagdad Company on March 4, 1916, and that since then they have been owned by its stockholders. For the reasons about to be stated we think that appellants were not injured

by the admission of the deed in evidence and that the finding is supported by the evidence if the ground was not open to relocation on December 29, 1920.

Appellants' answers seem to have been framed upon the theory that this mining ground was open to relocation on December 29, 1920, and that by reason of a location made on that date by I. M. Peck, under whom the defendant Conlin claims title, judgment should be given for them against plaintiffs. In harmony with this evident theory of the answering defendants, the denials in the answers are pregnant with the admission that prior to December 29, 1920, these mining properties were owned by the Bagdad Company. As we have stated, the complaint alleges the dissolution of the latter company, on March 4, 1916, and avers that on that date the corporation owned, and since then the stockholders have owned, the ten mining locations which, as a group, constitute what is known as the "Bagdad mine." The complaint also alleges that on April 18, 1921, the date of the alleged ouster, plaintiffs were in possession of all of the ten locations. After denying, on information and belief, that the corporation forfeited its charter, the answer of appellant Conlin denies plaintiffs' allegations of ownership as follows: "Denies that on the 18th day of April, 1921, or at any other time or at all *since the 29th day of December, 1920*, the said corporation has been the owner or possessed of any of the mining property or the improvements thereon as described in the complaint." This denial is pregnant with the admission that prior to December 29, 1920, the Bagdad Company, whose dissolution the defendant denied, was the owner of these mining locations. The action having been commenced on April 27, 1921, the allegation in the complaint that the stockholders of the Bagdad Company have owned these claims at all times since March 4, 1916, includes, as a necessary implication, the averment that the stockholders were such owners between March 4, 1916, and December 29, 1920. The answer makes no attempt to deny this implication, save that in the denial to which we shall next call attention, the denial of plaintiffs' allegation of possession, it is denied that plaintiffs were "seized" of the property at any time *subsequent* to July 1, 1918. This denial is as follows: "Defendant denies that on the 18th day of April, 1921, or at any time subsequent to

July 1st, 1918, the said plaintiffs or any or either of them were seized or possessed of the property described in the complaint herein or of any part or parcel thereof.'' This denial is pregnant with the admission that prior to July 1, 1918, plaintiffs were in possession of these properties. The denials in the answers of the other defendants are pregnant with similar admissions.

[8] Since the complaint alleges and the answers fail to deny that the corporation owned these several mining locations prior to December 29, 1920, and that plaintiffs were in possession prior to July 1, 1918, no injury could have been done appellants by the admission in evidence of the deed from Denair to the Bagdad Company. Ownership by that corporation prior to its demise and by its stockholders thereafter and possession by plaintiffs up to July 1, 1918—facts admitted by the answers—are conditions which may be presumed to continue until the contrary is shown. The admission in the answers that at some time prior to December 29, 1920, the Bagdad Company owned the mining locations imports as a necessary implication that they were valid locations, made as required by the United States mining laws. The burden, therefore, was upon defendants to show that the locations were not forfeited by the corporation or by its stockholders subsequent to its demise. [9] ''After a valid location has been made the locator need not keep an actual possession of the claim. His right of possession will continue until he has in fact abandoned it, or has forfeited it by failure to do the requisite amount of work within the prescribed time (*Belk* v. *Meagher,* 104 U. S. 279 [26 L. Ed. 735, see, also, Rose's U. S. Notes]), and the burden of proving such forfeiture or abandonment is on him who would attack this right.'' (*Harris* v. *Kellogg,* 117 Cal. 488, 489, [49 Pac. 709—citing *Hammer* v. *Garfield Mining etc. Co.,* 130 U. S. 291 [32 L. Ed. 964, 9 Sup. Ct. Rep. 548, see, also, Rose's U. S. Notes], and *Quigley* v. *Gillett,* 101 Cal. 462 [35 Pac. 1040].)

From the foregoing it follows that those plaintiffs for whom judgment was given—those who were the directors in office at the date of the forfeiture of the Bagdad Company's charter—were entitled to judgment unless, as appellants claim, the ground was open to relocation by Mrs. Peck on December 29, 1920. That is, the judgment is correct unless

the evidence shows that the corporation or its stockholders had forfeited their right to the mining locations by failing to do the requisite amount of work thereon within the prescribed time.

Affidavits were filed with the county recorder showing that the requisite amount of work had been done on each of these mining locations for each of the years 1914, 1915, 1916, 1917, 1918, and 1919 by the Bagdad Company. These affidavits were introduced in evidence by plaintiffs as part of their case. Appellants make certain technical objections to them, but we think the objections are hypercritical and that the affidavits are in substantial conformity with the requirements of the act of March 31, 1891 (Stats. 1891, p. 219). By the express provisions of that act the affidavits are *prima facie* evidence of the facts stated therein. In addition to these affidavits plaintiffs put witnesses on the stand who testified to the performance of work for each of the years 1914 to 1919, inclusive. True, there was a sharp conflict between the testimony of the witnesses for the respective parties upon the question as to whether the requisite amount of work had been done during these years, but we think the evidence was sufficient to justify the finding that for each of the years 1914 to 1919, inclusive, the necessary amount of work was done on these claims for or on behalf of the Bagdad Company and those who have been trustees for its stockholders from the date of its dissolution.

[10] The necessary amount of work having been done for the years 1914 to 1919, inclusive, the claims were not subject to relocation until thirty days after the expiration of the year 1920. The trustees for the stockholders of the Bagdad Company had all of the year 1920 within which to do the work for that year. "The law fixes no time within a year when the work must be done. Consequently, if done at any time during the year it is enough, and there can be no forfeiture until the entire year has gone by." (*Belk* v. *Meagher,* 104 U. S. 283 [26 L. Ed. 735, see, also, Rose's U. S. Notes].) "The statute [the state statute of March 31, 1891] gives to the occupant thirty days after the time within which the labor is to be performed in which to file the affidavit, and the mine is not open to relocation until after the expiration of said thirty days." (*Harris* v. *Kellogg,* 117 Cal. 490 [49 Pac. 709].) For these reasons we conclude that

this mining property was not open to relocation on December 29, 1920, when Mrs. Peck attempted to make her location.

There is no merit in the point that the pleadings afford no basis for the finding that the claim of the appellant Eddie to enter upon the premises and remove equipment is barred by the statute of limitations. Eddie's answer not only denies the averments of the complaint that the stockholders of the defunct corporation are the owners of the property, that plaintiffs are in possession and that defendants wrongfully entered and by force and violence began the work of dismantling and removing the fixtures, but, by what his answer denominates a further defense, he alleges that by purchase of said equipment from the Bagdad Company, through one Calkins, he acquired the right to enter the premises and remove the equipment. This averment of a right to enter the premises is wholly inconsistent with plaintiffs' allegation that on April 18, 1921, the defendants, Eddie included, entered the premises without right. It also is wholly inconsistent with plaintiffs' allegations of owner‑ ship by the stockholders for whom they are the statutory trustees. It is probable, therefore, that Eddie's averment of a right to enter the premises adds nothing whatever to his denial of plaintiffs' allegation that he entered without right. Such right of entry, if ever acquired by him, was a limitation upon the right of ownership which plaintiffs allege is possessed by the stockholders for whom they are trustees. If Eddie ever had such right of entry, and if he subsequently lost it by reason of the statute of limitations, then it was reacquired by the Bagdad Company or by its stockholders. In that case it was acquired in a manner analogous to that whereby a right of prescription is acquired. [11] A prescriptive right can be proved under the general allegation of ownership. (*Gillespie* v. *Jones*, 47. Cal. 259; *Montecito Valley Co.* v. *Santa Barbara*, 144 Cal. 594 [77 Pac. 1113].) [12] Under the view that Eddie's allegation of a right to enter the premises amounts, in effect, to no more than a denial of absolute ownership in the stockholders of the defunct Bagdad Company, plaintiffs, in support of their allegations of ownership and that Eddie's entry of April 18, 1921, was without right, were entitled to show, if they could, and the court was justified in finding, if the evidence warranted it, that any right to enter the

premises which Eddie may have possessed prior to April 18, 1921, was on that date barred by the statute of limitations. [13] If, on the other hand, Eddie's defense that he had acquired by purchase from the Bagdad Company the right to enter the premises and to remove equipment should be regarded as an affirmative defense of new matter, then under section 462 of the Code of Civil Procedure such defense must be deemed controverted and plaintiffs were entitled to invoke the statute of limitations without formally pleading it. (*Pacific Improvement Co.* v. *Maxwell*, 26 Cal. App. 268, 269 [146 Pac. 900].) It follows that under any view of the pleadings it was proper for the plaintiffs to show and for the court to find that Eddie's alleged right to enter the premises and to remove the fixtures was barred by the statute.

[14] At the trial defendants attempted to show that John W. Chester, who is one of the plaintiffs and who had acted as one of the directors of the defunct corporation prior to its demise, did not actually own stock in the company and therefore was not qualified to be a director. The court excluded such evidence upon the ground that it was immaterial. If Chester was not a director *de jure* he was a director *de facto,* and his title to the office is not open to collateral attack in this action. (*Hygienic Health Food Co.* v. *Grant,* 187 Cal. 431, 435 [202 Pac. 653] ; 2 Thompson on Corporations, sec. 1122.)

There are no other points which merit special discussion.

The judgment is affirmed.

Works, J., and Craig, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 2, 1923.