[Civ. No. 1492.   Fourth Appellate District.—November 5, 1934.]

DR. J. VON GAL–SCALE et al., Appellants, v. J. P. COTTRELL, Respondent.

Eugene L. Wolver for Appellants.

Emery B. Tyler for Respondent.

BARNARD, P. J.—This is an action to quiet title involving certain mining claims. All prior and subsequent locators were made parties defendant and all defaulted with the exception of the respondent, who answered and filed a cross-complaint asking that title be quieted in him as to one of the parcels described in the complaint. Judgment was entered quieting title to the one parcel in the respondent and in favor of the appellants as to the other parcels. The latter have appealed from that portion of the judgment which was in favor of the former.

The appeal is presented on a bill of exceptions containing only a meager statement of the evidence. With reference to the parcel of land which is involved in this appeal, the appellants introduced evidence of two recorded placer mining claims located on November 16, 1925, with evidence that subsequent annual assessment work had been done. The respondent introduced evidence showing that a mining claim had been located on the property by others on August 30, 1925, there being no proof that any assessment work had been done in connection with said claim. In support of his cross-complaint the respondent introduced the record of a third mining claim located on July 1, 1927, by certain other persons whose rights had been assigned to him, and evidence that the assessment work had been done.

The original location having been made on August 30, 1925, the appellants' attempted location of November 16, 1925, was made long before the expiration of the time during which the original locators might do the assessment work and such location was premature and void. (*Belk* v. *Meagher*, 104 U. S. 279 [26 L. Ed. 735].)

The main contention of the appellants is that the location on July 1, 1927, under which the respondent claims, was also premature. In this connection it is argued that while the time within which the original locators could do the assessment work expired at noon on July 1, 1927, they had an additional thirty days, under section 1426m of the

Civil Code, within which to record an affidavit showing that the work had been done and that during this additional period the land was not open to relocation. In support of this they cite *Harris* v. *Kellogg*, 117 Cal. 484 [49 Pac. 708], and *Jones* v. *Peck*, 63 Cal. App. 397 [218 Pac. 1030]. Those were cases where the assessment work had been done before the statutory year had expired and neither of those cases is authority for the proposition that this code section gives an additional thirty days in which the work may be done, or that a new location cannot be made during that thirty-day period where, in fact, the assessment work has not been completed within the statutory year. If the respondent's assignors located their claim upon this property after 12 o'clock noon on July 1, 1927, and it must be presumed in support of the judgment that such was the case, the respondent's claim is based upon a valid location. (*Rasmussen* v. *Sullivan*, 119 Cal. App. 539 [6 Pac. (2d) 985].)

In any event, the appellants are in no position to urge this and several other points raised since the location of November 16, 1925, under which they claim, was made long before the period allowed the original locators for doing the assessment work had elapsed and at a time when, under well-settled rules, the property was not open to relocation. Having no interest in the property themselves the appellants are in no position to attack the judgment in favor of the respondent upon grounds which perhaps might have been, but were not, raised by some of the defaulting defendants, who were the real parties affected thereby.

A motion made by appellants and heretofore submitted, by which it was sought to have the originals of the exhibits mentioned in the bill of exceptions brought up and made a part of the record, is denied.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.