UNITED STATES of America,
Plaintiff,

v.

237,500 ACRES OF LAND, MORE OR LESS, IN the COUNTIES OF INYO AND KERN, State of CALIFORNIA, etc., et al., Defendants.

L. Mills BEAM and Robert Thomas (Lode Claimants), Appellants,

v.

B. J. COMPTON, Irma Compton, Harold Olson, Irma Olson, W. H. Montgomery, Roy Hooper, R. B. Walker and Gene Delaney (Placer Claimants), Appellees.

No. 16247.

United States Court of Appeals
Ninth Circuit.
May 10, 1960.

Samuel McK. Dague, Los Angeles, Cal., for appellant.

Frederick E. Hoar, Bakersfield, Cal., for appellees.

Before CHAMBERS, Chief Judge, and KOELSCH, Circuit Judge, and BOLDT, District Judge.

BOLDT, District Judge.

This appeal is from a judgment distributing funds deposited in the district court as just compensation for the taking in condemnation of certain mining claims. On October 11, 1956 judgment was entered fixing awards for the parcels in question, designated as Nos. 549 and 552. Jurisdiction was retained to determine the amount to be allocated out of the awards for the respective interests of the several parties. On November 25, 1957 the district court ordered all of the funds paid to appellee placer claimants and held appellant lode claimants did not have any interest in either of the parcels referred to and consequently had no right to any part of the compensation awarded for the taking thereof.

In May, 1940 appellees located two placer mining claims on parcels 549 and 552. In February, 1945 appellants filed notices of location of a lode mining claim on the same parcels. Appellants claimed the right to the whole of the condemnation award on the ground that the appellee placer claimants had allowed their claims to lapse during World War II by failing to file proper notices complying with the requirements of 30 U.S.C. 28a providing conditions for suspension of annual assessment work during the war period. Appellees claimed the award on the ground that their placer claims were valid and existing on March 30, 1945, the date of the order granting possession of both parcels to the United States, asserting that appellants were trespassers on the placer claims at the time their lode claims were filed; and further, that there were no lodes or veins discovered or existing at the time such lode claims were filed.

The findings of the district court on these contentions were as follows:

■ "The notices filed [by appellee placer claimants] were sufficient to comply with the requirements of the moratoria statutes down to the critical year ending July 1, 1945. There is no question but that the placer claimants could file the notice for 1945 at any time prior to July 1, 1945 and that their

interest in the claims would be valid until that date.

"The complaint in condemnation filed March 20, 1945, and the order of possession filed March 30, 1945, gave exclusive possession of the land to the government as of March 30, 1945. On the date on which the lode claims were filed, the land was subject to the valid claims of the placer claimants.

 "It is true that the notice to hold the claims for the year ending July 1, 1945, was not filed until July 11, 1945. However, when these lode claims were filed, the placer claims were valid, and the lode locators were trespassers. The evidence is clear that no permission was sought by the lode locators to go upon the placer claims to prospect for lode, and that no permission was ever granted by the placer claimants to the lode claimants. No valid mining claim can be initiated by the commission of a trespass, and any attempt to so locate a lode claim upon the property claimed by placer locators without the latter's permission is a trespass. Clipper Mining Co. v. Eli Mining & Land Co., 194 U.S. 220, 24 S.Ct. 632, 48 L.Ed. 944.

"There can be no forfeiture for nonperformance of the assessment requirement until the time has expired in which it may be performed. Jones v. Peck, 63 Cal.App. 397, 218 P. 1030.

"For the reasons hereinabove enumerated, the lode claimants never did have a valid claim, because they had never asked for nor received permission to enter the land occupied by the placer claimants.

"Aside from the fact that the lode claims were initiated by a trespass and are thereby void, there was no evidence whatever that the land in question had any lode in place. The statute provides that no location of a lode mining claim shall be made until the discovery of the vein or lode within the limts of the claim located. 30 U.S.C. [A. §]. 23; 43 C.F.R. § 185.12, 185.13."

The whole record fully supports the trial court's findings of fact and we agree with its conclusions of law as above stated. Accordingly, the judgment is affirmed.